280 A.2d 85.

STATE *vs.* ROBERT M. SAULNIER.

JULY 26, 1971.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

POWERS, J. This is a criminal complaint and warrant which charges that the defendant "did operate a motor vehicle, to wit: an automobile, upon a highway of this State, to wit: Interstate #195, recklessly so that the lives or safety of the Public might be endangered or so that property might be damaged."[1] The case was tried to a Superior Court justice and a jury which found the defendant guilty as charged. It is before us on the defendant's bill of exceptions, in the prosecution of which he presses 11 exceptions taken to rulings made during the course of trial.

The circumstances out of which the charge against defendant resulted are readily summarized. Shortly before 9:42 p. m. on January 22, 1969, defendant was the operator of a motor vehicle traveling easterly on route Interstate 195. Easterly of the East Providence side of the Washington bridge, defendant's vehicle came into collision with several of ten temporary wooden barriers, which had been

---

[1]This language is lifted bodily from P. L. 1958, chap. 70, sec. 1, which amended G. L. 1956, §31-27-4. This 1958 amendment was in turn amended by P. L. 1967, chap. 64, sec. 1, which in pertinent part provides:

"Any person who operates a motor vehicle on any of the highways of this state recklessly so that the lives or safety of the public might be dangered * * *."

It is to be noted that the language "or so that property might be damaged" as set forth in the complaint was dropped from the statute prior to the incident which resulted in charging the instant defendant with reckless driving.

However, the defendant made no move to amend the complaint either prior to or at the close of the trial, so that the defect in the complaint is without materiality, if the evidence deduced is sufficient to support a conviction on the charge of "recklessly so that the lives or safety of the Public might be endangered." See State v. Mazzarella, 103 R. I. 253, 236 A.2d 446.

stationed to divide east and west bound traffic on said route 195, as the same came off or approached the Washington bridge. Totally demolishing four such barriers, defendant's car ultimately came to rest against a cement support for an overpass which support was located in a permanent traffic island in the center of the highway. The distance from the easterly end of the Washington bridge to the cement support is 250 feet.

There were skid marks of 200 feet running back from the point at which the car came to rest. Thus, it is a reasonable inference that defendant first applied his brakes some 50 feet after leaving the Washington bridge. Moreover, the skid marks begin some 80 feet before the first barrier struck and demolished by defendant, giving rise to a reasonable inference that at the time defendant applied his brakes, the car was traveling at an exceptionally high rate of speed. Of further significance in this regard, is the undisputed fact that the temporary barriers struck by defendant were in a buffer zone some 4 feet in width and to the left of defendant's passing lane. Indeed, the skid marks, and damage to the barriers, establish that defendant was traveling in the buffer zone and off the travel permitted portion of the highway.

All of the foregoing was established by the testimony of East Providence Patrolman Reddick and Sergeant Randall, and a passenger in defendant's car named LaRoche. The latter was called by the state for the sole purpose of proving defendant to have been the operator. He was not cross-examined by defendant.

In addition to the testimony of the two police officers in question, the state introduced certain exhibits. These consisted of pictures taken at the scene and a diagram made by Patrolman Reddick, which, although not drawn to scale, was testified to as being reasonably representative

of significant measurements and their relationship to each other.

Of the eleven exceptions pressed by defendant, ten relate to the trial justice's admitting into evidence the testimony of the police officers and the exhibits from which our recitation of the ultimate facts is based. We have carefully considered each of these exceptions but find them so lacking in merit as not to warrant protracting this opinion by discussion.

The defendant neither testified nor adduced any evidence in his defense. Rather, he rested at the close of the state's case and moved for a directed verdict. His final exception is to the trial justice's denial of this motion. In support of his contention that such denial constitutes reversible error, defendant relies on several cases from this jurisdiction and others from our sister states. These latter are in line with our decisions and need not be cited.

Of our own cases, defendant particularly stresses *State v. Lisi*, 105 R. I. 516, 253 A.2d 239; *State v. Scofield*, 87 R. I. 78, 138 A.2d 415; *State v. Main*, 94 R. I. 338, 180 A.2d 814, and *State v. Montella*, 88 R. I. 469, 149 A.2d 919.

The *Lisi* and *Scofield* cases are relied on for their holding as to what constitutes reckless driving. They stand for the proposition, herein reaffirmed, that reckless driving within the meaning of the prohibition is a conscious and intentional driving that the driver knows or should know, creates an unreasonable risk of harm to others, even though he has no actual intent to harm. We agree with defendant's contention that the rule as thus stated defines the corpus delicti of the offense with which he was charged, but cannot agree that defendant take anything thereby.

*State v. Main, supra,* however, is cited for the proposition that, although in passing on a motion for a directed verdict the trial justice is required to view all the evidence

and the reasonable inferences to be drawn therefrom in favor of the state, it is the trial justice's duty to grant such motion when the evidence so viewed will not support a guilty verdict. Moreover, relying on *State* v. *Montella, supra,* defendant argues that if the evidence on which the state relies is as consistent with defendant's innocence as it is with his guilt, the trial justice should direct a verdict of acquittal.

Because *Montella* is so factually distinguishable from the circumstances of the instant case as not to be apposite, in any event, we deem it advisable to dispose of defendant's reliance thereon before turning to a consideration of *State* v. *Main, supra.*

In *Montella,* four polling place officials had been indicted for a conspiracy to violate the election laws. The evidence adduced by the state was all circumstantial and open to a reasonable inference that the violations which occurred at the polling place were the result of a conspiracy. It also established, however, that what occurred at the polling place, although requiring conspiracy between at least two of the indicted officials, such evidence did not establish that all of the four participated. Moreover, the evidence was not open to finding beyond a reasonable doubt which officials of the less than four participated in the conspiracy.

Each of the four defendants being entitled to the presumption of innocence until proven guilty beyond a reasonable doubt, we held that in the circumstances thus related all four were entitled to acquittal.

Here, while the evidence is all circumstantial, it pertains to a single defendant and if competent to establish the offense of reckless driving, established defendant's guilt since it is not disputed that he was the operator.

Returning to defendant's reliance on *State* v. *Main, supra,* we are in full accord with the principle that if the

evidence adduced by the state and the reasonable inferences to be drawn therefrom, even though viewed in the light most favorable to the state do not establish guilt beyond a reasonable doubt, there is nothing for the jury to consider and the trial justice is bound to grant defendant's motion for a directed verdict.

We do not perceive, however, that this rule has application to the case at bar, in light of our holding that much of the evidence that defendant sought to have excluded was properly admitted.

From the view that the trial justice could have taken of the evidence and reasonable inferences heretofore related, there was clearly a question for the jury as to whether defendant's operation of his motor vehicle was such a conscious and intentional driving, that defendant, as a reasonable man, should have known that it created a risk to the safety of his passenger.

In reaching this conclusion we have not overlooked the stress placed by defendant on the fact that there was no evidence whatsoever as to the rate of speed permitted along the crucial route. Whatever that limit may have been is utterly without materiality. An operator driving at a rate of speed less than that permitted may still, in a given set of facts, be guilty of reckless driving. Similarly, under a different set of facts, one driving in excess of the permitted limit, is not per se guilty of reckless driving.

In *State* v. *Lunt,* 106 R. I. 379, 260 A.2d 149, we pointed out that while speed, in and of itself, does not constitute reckless driving, it is nevertheless a factor to be related to time, place, persons, and surrounding circumstances and be measured by them.

Here, the tangible evidence and testimony relative to defendant's path of travel at the place where it occurred and the attendant consequence were surrounding circum-

stances and conditions which constituted a fact question for the jury.

There was moreover among such surrounding circumstances and conditions for the jury to consider, the testimony of Officer Reddick that his arrival at the scene at 9:42 was within two to three minutes of defendant's collision and that when he arrived traffic was "light to medium." This testimony was admitted for such weight as the jury might give it. The defendant objected and duly excepted, but has expressly waived this exception. In such circumstances we must consider this testimony as part of the evidence which the trial justice submitted to the jury. *Compare State* v. *Toti,* 94 R. I. 212, 179 A.2d 488.

All of the defendant's exceptions are overruled and the case is remitted to the Superior Court for further proceedings.

*Richard J. Israel,* Attorney General, *Donald P. Ryan,* Asst. Attorney General, *Bennett R. Gallo,* Special Asst. Attorney General, for plaintiff.

*Ralph Rotondo,* for defendant.