## Atlantic Richfield Co. v. Kellerman

*Chester Gilchrist*, of *Coulter, Gilchrist, Dillon & McCandless*, for plaintiff.

*Saul J. Bernstein*, of *Bernstein & Campbell*, for defendant.

DILLON, *J.*, September 2, 1975—Plaintiff has sued defendant for purchases delivered and not paid for under a contract to deliver kerosene and furnace oil and to sell plaintiff's products. Plaintiff contends that $17,841.03 is due and owing. Defendant has filed a two-count counterclaim. Under the first count, contending that a quantity of heating oil was contaminated, defendant asks the sum of $1,283.28. The second count contains a claim that, because of plaintiff's violation of the regulations pursuant to the Economic Stabilization Act of 1970, 12 U.S.C. §1904 note (1975 Supp.), plaintiff owes defendant $72,707.38. Plaintiff has filed preliminary objections to both counts of this counterclaim. For the reasons which follow, the preliminary objections to count one will be denied, but the preliminary objections to count two will be sustained.

Plaintiff contends that the first count of the counterclaim is barred by the statute of limitations. The alleged contaminated oil was delivered on October 17, 1967, more than seven years prior to the filing of this action. The most recent contract between the parties was entered into on March 12, 1969. However, defendant avers that he can prove at trial that the relationship between himself and plaintiff was a continuing one and, in effect, an open account to continue indefinitely. He alleges that the purposes of the periodic agreements are to set the rate of reimbursement. If he can prove this at trial, he is within the statute of limitations: Thorpe v. Schoenbrun, 202 Pa. Superior Ct. 375, 195 A. 2d 870 (1963). The court will not summarily dismiss the first count without giving him a chance to prove this contention at trial.

However, the second count is dismissed. This court does not have jurisdiction. The Economic Stabilization Act of 1970, 84 Stat. 779, 12 U.S.C.A. 1904, note (1975 Supp.), in section 211 gives exclusive original jurisdiction of cases or controversies arising under this title or regulations or orders issued thereunder to the district courts: Lower Paxton Township v. Pa. Public Utility Commission, 13 Pa. Commonwealth Ct. 135, 317 A. 2d 917 (1974); Rankin v. Chester-Upland School District, 11 Pa. Commonwealth Ct. 232, 312 A. 2d 605 (1973); Cheltenham Township v. Cheltenham Police Department, 8 Pa. Commonwealth Ct. 360, 301 A. 2d 430 (1973). However, defendant contends that this court has jurisdiction under section 211 which says that "nothing in this subsection . . . affects the power of any court to consider, hear, and determine any issue by way of defense . . . raised in any proceeding before such court." The problem with this

argument is that defendant has raised a counterclaim and not a defense. According to Black's Law Dictionary, page 508 (1951 ed.) one of the definitions for the word "defense" is:

"Defense is not something by means of which party who interposes it can obtain relief for himself."

The case where this definition is found, Crisman v. Corbin, 169 Oregon 332, 128 P. 2d 959, 964 (1942), states:

"A defense is something which simply prevents or defeats the recovery of a remedy . . . and not something by means of which the party who interposes it can obtain relief for himself."

It is clear that defendant's counterclaim is meant to obtain relief for himself. After all, he counterclaims for $72,707.38, while the original action seeks only $17,841.03. It is obvious that the counterclaim here in count two is not a defense to the original action but, instead, is a separate claim for violation of a Federal statute. Therefore, this court does not have jurisdiction of the second count of defendant's counterclaim and it is dismissed.

## ORDER

And now, September 2, 1975, it is ordered that the preliminary objections of plaintiff to count one of defendant's counterclaim is denied, but the preliminary objection of plaintiff to count two of defendant's counterclaim is sustained and it is dismissed.