Anthony J. Larrecq and Lower Makefield Township Civic Association *v.* Frederick Van Orden, Richard Hoyt, Lloyd Klatzkin, Henry Miller, Wesley Hackman and Township of Lower Makefield.

Anthony J. Larrecq and Lower Makefield Township Civic Association, Appellants.

624

Argued September 10, 1975, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER and ROGERS. Judge BLATT did not participate.

*T. Sidney Cadwallader, II,* with him *E. Dillwyn Darlington,* and *Cadwallader, Darlington & Clarke,* for appellants.

*George T. Kelton,* with him *William J. Carlin,* and *Begley, Carlin, Mandio, Kelton & Popkin,* for appellees.

OPINION BY JUDGE CRUMLISH, JR., November 14, 1975:

This is an appeal by plaintiffs Larrecq and Lower Makefield Township Civic Association (Appellants) from an order of the Court of Common Pleas of Bucks County in which it sustained the preliminary objections of the defendants Van Orden, et al, and Lower Makefield Township (Township) and dismissed Appellants' amended complaint with prejudice.

Appellants brought an action in equity against the individual defendants as Supervisors of Lower Makefield Township and the Township itself seeking to enjoin the construction of an expansion to the Township building and the sale of a proposed bond issue for the financing thereof. Appellants also sought to compel the consideration of alternate plans and feasibility studies. The Township filed preliminary objections in the nature of a demurrer to the complaint and also filed a motion for expedited argument and decision on preliminary objections. In its motion, the Township stressed the serious effect which the court's resolution of the case would have upon its construction and financing programs.

A three-judge panel of the court below sustained Township's demurrer, leave being granted Appellants to file an amended complaint. It is also important to note that the order provided that if the amended complaint was filed on or before 4:00 P.M., June 5 and preliminary objections were filed prior to 1:00 P.M., June 6, 1975, argument would be heard at 1:00 P.M. June 6, 1975.

Appellants filed an amended complaint to which the Township again demurred. The court below sustained

Townships' demurrer and dismissed Appellants' amended complaint with prejudice.

Hence this appeal, which we find to be without merit.

At the outset, we note that our review must follow the well-settled principle that in considering a demurrer appeal, we must accept as true every well-pleaded and relevant fact in plaintiff's complaint. *Line Lexington Lumber & Millwork Co. v. Pennsylvania Publishing Co.,* 451 Pa. 154, 301 A.2d 684 (1973) ; *Rankin v. Chester-Upland School District,* 11 Pa. Commonwealth Ct. 232, 312 A.2d 605 (1973).

Faced with a voluminous complaint, we will summarize the gravamen of Appellants' contentions.

Appellants argue that:

(1) Township presented to the residents a proposal for the construction of additions to the existing municipal building and a new municipal building without first having made feasibility studies concerning the need for or the cost of a new municipal building ;

(2) Township authorized an architect to submit plans for the proposed construction without giving him cost or structural guidelines ;

(3) Township has underestimated the cost of the financing by relying in part upon estimated federal revenue sharing funds and library rental receipts in calculating the funding with which to meet the debt service.

In support of their contentions, Appellants argue that:

a) the debt service levy proposed by Township is inadequate to meet the true debt amortization needs of the proposed projects ;

b) Township has no authority to enter into the contemplated leasing arrangement with the Yardley Library ;

c) as to the proposed building plan, Township and its architect have "overdesigned" the building to the extent that the plans call for construction of a "Taj-Mahal" ;

d) Township advertised for bids without considering Appellants' suggestions for alternative plans ; and

e) the bids submitted far exceeded the average cost of similar construction.

All in all, says Appellants, Township's actions constitute arbitrary and capricious conduct and are an abuse of the discretionary powers of Township and its supervisors.

Appellants present three questions for our determination: First, did the court below err when it sustained Township's demurrer? Second, were Appellants denied due process of law when the court below heard oral argument on Township's second set of preliminary objections only fifteen minutes after they were received by Appellants? Third, did the court below err in finding that Appellants were guilty of laches?

For the reasons to be covered now, we answer each of these questions in the negative and affirm the order and opinion of the court below.

*Hyam v. Upper Montgomery Joint Authority*, 399 Pa. 446, 160 A.2d 539 (1960), held that discretionary actions of a governmental body may not be reviewed by a court absent bad faith, fraud, capricious action, or an abuse of power. Moreover, municipal officers are presumed to act properly in furtherance of the public good. *Hyam*, 399 Pa. at 457, 160 A.2d at 545. There, an action by property owners seeking to enjoin the construction and financing of a sewage collection and disposal system alleged gross underestimation of project costs, economic infeasibility, and the possibility of an unnecessary burden on the taxpayers. Appellants contend that the factual allegations in their complaint support the charge of arbitrary and capricious conduct. After careful and meticulous scrutiny we find that the amended complaint contains no factual allegations which, if true, would justify judicial intervention. The allegations of the complaint alleging fraud are couched in hypothetical terms which in speculation suggest several options open to Township. Speculative hypotheticals which allude to motive and the possible consequences of decisions based thereon do not justify judicial

review of the discretionary acts of municipal authorities. *Flaherty v. Allegheny Port Authority*, 450 Pa. 509, 299 A.2d 613 (1973).

The casual and too frequently popular use of such terms as "Taj-Mahal," "unrealistic," "unreasonable," etc., are insufficient by themselves to invoke judicial review. *Allen v. Uniontown Area School District*, 4 Pa. Commonwealth Ct. 183, 285 A.2d 543 (1971). Appellants' contention that the Township's proposed method of funding the project involves ill-advised reliance upon federal funds and library receipts merely points out that reasonable men may differ in their approach to any construction project. It is not for us to evaluate the efficiency or financial planning talents of the Township and its supervisors. *Glen Riddle Park, Inc. v. Middletown Township*, 11 Pa. Commonwealth Ct. 574, 314 A.2d 524 (1974). Nor is it within our province to make an independent choice of alternatives where reasonable men might differ.

Appellants rely on *Robb v. Stone*, 296 Pa. 482, 146 A. 91 (1929). In *Robb*, the key finding was that the School Board's action was influenced by considerations other than the public interest. There is nothing in the Appellants' amended complaint which, if true, would justify a finding that the individual defendants and the Township were motivated by anything other than the public interest.

Turning now to the second issue, we are reminded that the equitable doctrine of laches may be asserted only where there is a delay by one party which caused injury or material prejudice to the other party. *Martin v. Adams County Area Vocational Technical School Authority*, 11 Pa. Commonwealth Ct. 292, 313 A.2d 785 (1973). Also, application of the laches doctrine calls for a consideration of all the circumstances involved, including an examination of the entire record in addition to the complaint itself. *Martin, supra,* 11 Pa. Commonwealth Ct. at 296, 313 A.2d at 787; *Marston v. Kline,* 8 Pa. Commonwealth Ct. 143, 301 A.2d 393 (1973). The court below found Appellants

guilty of laches when they waited nine months after the initial project announcement to file the complaint. That court found that during this period, Township retained and compensated an architect. This, of course, was merely one of its findings in support of dismissal of the complaint.

Lastly, Appellants contend that they have been denied due process of law in that they received Township's preliminary objections to their amended complaint only fifteen minutes prior to oral argument thereon. They argue that that short time interval deprived them of the opportunity to rebut the preliminary objections. Appellants do not contend that there was an inadequate opportunity to reply to the first set of preliminary objections; nor do they contend that they were denied the opportunity to file an amended complaint. In thoughtful review of the pleadings in this matter, we find that the preliminary objections to which Appellants contend they had no meaningful opportunity to respond are identical in every respect to the preliminary objections originally filed except for the allegation of laches. Accepting as we do the disposition of the laches issue by the court below and considering the need for a prompt resolution of this case, we conclude that Appellants were not denied due process of law.

Accordingly, we issue the following

### ORDER

AND NOW, this 14th day of November, 1975, the order of the Court of Common Pleas of Bucks County which sustained defendants' preliminary objections to plaintiffs' amended complaint and dismissed plaintiffs' amended complaint is hereby affirmed.