## Miller v. County Commissioners
## of Potter County

*Harold B. Fink, Jr.,* of *Fink & Young,* for plaintiff.

*Richard W. Mutzabaugh,* of *Mutzabaugh & Mutzabaugh,* for defendants.

PATTERSON, *P. J.,* May 11, 1976—Plaintiff sues, ostensibly as a taxpayer and citizen, on behalf of herself and other Potter County taxpayers and citizens to enjoin defendants, the Commissioners of Potter County from employing D. Bruce Cahilly, Esq., as county solicitor. Her amended complaint, in substance, alleges that plaintiff and other similiarly situated taxpayers are suffering, and will suffer, irreparable injury if such employment is permitted to continue and, that such employment constitutes a gross abuse of discretion resulting from the exercise of arbitrary will and/or caprice by the county commissioners.

Preliminary objections have been filed which present (1) a motion to strike off for noncompliance with Pa. R.C.P. 2102(b); (2) a motion to dismiss; and (3) a demurrer. The court has previously ordered that the amended complaint name only the County Commissioners of Potter County as defendants. The motion to dismiss is based upon failure of the amended complaint to set forth facts sufficient to support a class action. The court will treat the merits of this contention. However, the substantive deficiency of the amended complaint to state a cause of action compels this court to sustain the demurrer.

Plaintiff's action is symptomatic of the disenchantment many people feel toward the executive bureaucracy at all levels of government and the

tendency, out of frustration, to ask the court to act as an ombudsman to intervene and resolve their grievances. The grievance, as here presented, is not subject to judicial remedy.

In determining whether plaintiff's amended complaint presents a justiciable claim for relief, the court assumes the truth of all well pleaded material and relevant facts and inferences reasonably deducible therefrom, keeping in mind the fundamental legal concept that courts will not interfere with municipal action involving discretion in the absence of proof of fraud, collusion, bad faith or actions so arbitrary and capricious as to constitute an abuse of discretion: Weber v. Philadelphia, 437 Pa. 179, 262 A. 2d 297 (1970); Flaherty v. Allegheny Port Authority, 450 Pa. 509, 299 A. 2d 613 (1973); Downing v. Erie City School District, 360 Pa. 29, 61 A. 2d 133 (1948); Larrecq v. Van Orden, 21 Pa. Commonwealth Ct. 623, 346 A. 2d 922 (1975).

This suit asks the court to review the action taken by the county commissioners on January 5, 1976, in employing Mr. Cahilly as county solicitor, a job which, according to plaintiff's amended complaint he has held since 1968, and to forbid the commissioners from renewing and continuing such employment.

Among the grounds for relief set forth in the amended complaint are allegations in paragraphs 8(a), 8(b) and 8(c) concerning the county solicitor's business activities as a realtor and land developer, and his responsibilities to the commissioners as their lawyer in giving them advice concerning the county's legal problems. Certain of these activities are characterized as unlawful misdemeanors, violations of the Potter County Planning Regulations and of The County Code. These past activities,

coupled with the spectre of future violations, give rise, it is alleged, to a violation of Canon 5 of the Code of Professional Responsibility in that they preclude the exercise of independent professional judgment by the county solicitor in giving advice to his clients.

The allegations that Mr. Cahilly is guilty of past misdemeanors and violations of the planning regulations and County Code are no more than conclusions, since it does not appear that he was ever charged with such violations and, in any event, are offenses properly remediable at law, not by injunction. Additionally, Mr. Cahilly is not a county officer within the contemplation of section 4 of Article IX of the Pennsylvania Constitution and, hence, not precluded by statute, at least, from purchasing property at a tax sale by the provisions of The County Code: 16 P.S. §1806. The case of Commonwealth ex rel. Foreman v. Hampson, 393 Pa. 467, 143 A. 2d 369 (1958), delineates clearly the status of a county solicitor, stating, at page 472:

"A county solicitor is an appointed professional employee and is not a county officer within the contemplation of Section 3 of Article XIV [now Article IX, §4, of the Pennsylvania Constitution]."

In Alworth v. County of Lackawanna, 85 Pa. Superior Ct. 349 (1925), the court stated, at page 352:

"He has no direct connection with, or responsibility to, the public; he is entirely subordinate to the board; they may follow his advice or disregard it; he cannot control their actions; he cannot perform their duties; his appointment is for no definite term, and he can be recalled at any time; he has no grave and important duties involving a function of government in their performance, or

duties which are of such a public character as are held to be an essential characteristic of an office in order to bring it within the meaning of the constitutional prohibition."

With respect to alleged violations of the Code of Professional Responsibility, this court is without jurisdiction or authority to consider such charges. The Pennsylvania Supreme Court in the Preamble to Rule No. 17, Rules of Disciplinary Enforcement declares that ". . . it has inherent and exclusive power to supervise the conduct of attorneys who are its officers . . . and in furtherance thereof promulgates the following Rules which shall supersede all other court rules and statutes pertaining to disciplinary enforcement heretofore promulgated."

A review of the amended complaint compels the conclusion that there is a total and complete failure to state a cause of action for the relief requested. The operative paragraphs of the amended complaint are as follows:

"(9) The defendants have, in fact, committed a gross abuse of discretion which resulted from their exercise of arbitrary will and/or caprice adverse to the interest of the public welfare in that they have appointed D. Bruce Cahilly as the Potter County Solicitor, the said D. Bruce Cahilly, in fact, having a direct financial interest in all manner of business conducted by the Commissioners as County Commissioners, as members of the assessment Board, as the employer of the County Planner, and as the creators of the Potter County Planning Commission which is an 'arm' of the office of County Commissioners, and all of which as above set forth.

". . .

"(11) The Plaintiff as a taxpayer of Potter County and all other taxpayers of Potter County do suffer and will hereafter suffer irreparable harm if D. Bruce Cahilly is retained as County Solicitor by the Commissioners of Potter County in that among the duties of the County Solicitor which are currently being required of him by the County Commissioners are legal advice as to construction and violations of Potter County Subdivision and Land Development Ordinance and other current and future County Ordinances pertaining to subdivision and land development; legal advice as to the advisability of passing a County building code; legal advice on real estate assessment programs and their enforcement; legal advice as to the propriety and conduct of tax sales; legal advice on the rural conservation and development programs; and legal advice on the interpretation and effectuation of the Clean and Green Act as it relates to real estate and its development within Potter County. If D. Bruce Cahilly would continue as County Solicitor, such advice would be sought of him from time to time when there would exist a direct conflicting financial self-interest in view of his interest in D. B. C. Enterprises, Inc., a land development corporation; Northwoods Realty, a real estate firm particularly as it relates to the listing and sale of subdivision lands; Penns Woods Construction Company, as it relates to the construction of recreational facilities and their development; and particularly in view of the prior conduct of the said D. Bruce Cahilly as alleged in paragraph 8 of this Complaint."

The mere assertions that the actions of the commissioners constituted a gross abuse of discretion and were the result of the exercise of arbitrary

will or caprice adverse to the interest of the public welfare are, without more, mere labels or conclusions and are not admitted as true in fact by the filing of preliminary objections. Expression of opinion, argumentative allegations or inferences unwarranted by the admitted facts are not deemed admitted by the preliminary objections: Hyam v. Upper Montgomery Joint Authority, 399 Pa. 446, 160 A. 2d 539 (1960); Conrad v. Pittsburgh, 421 Pa. 492, 218 A. 2d 906 (1966).

In Hyam, supra, the court stated, at page 457:

"We have long recognized a presumption that municipal officers properly act for the public good: Parker v. Philadelphia, supra; Downing v. Erie City School District et al., 360 Pa. 29, 61 A. 2d 133; Gericke et al. v. Philadelphia et al., 353 Pa. 60, 44 A. 2d 233. Presumptively, these officials must be regarded as acting properly for the public good. Absent any allegations in this complaint of either fraud or misconduct and absent any allegations of fact which would indicate that these municipal officials have acted or are acting either in abuse of their power or in a capricious or arbitrary manner, judicial intervention cannot be justified. To label the actions of these officials as capricious or arbitrary does not make them so."

The foregoing language is most apposite insofar as the above-quoted paragraphs 9 and 11 of the amended complaint are concerned.

After analysis of the amended complaint in the light of relevant Pennsylvania decisions, this court makes the following findings and orders:

(1) The correction of the misnomer of the parties, defendant to conform to the requirement of Pa. R.C.P. 2102(b) has, on defendants' motion, already been directed by order of this court.

(2) Plaintiff's amended complaint recites in paragraph (1) that she is, by virtue of her residence in Potter County, a taxpayer, and that her action is brought for her benefit and other citizens and taxpayers of Potter County, and, in paragraph (11), that she "as a taxpayer and all other taxpayers will suffer irreparable harm if D. Bruce Cahilly is retained as county solicitor . . ."

These allegations are insufficient in law to support either plaintiff's standing as a taxpayer to represent a class·that faces irreparable injury or such prospect for irreparable injury as necessary to warrant issuance of an injunction. Absent any allegations that she owns and pays taxes on real or personal property, there is no basis for anticipation of injury even if it is assumed that defendants accept and implement improper or self-serving advice from their solicitor: Penn Galvanizing Co. v. Philadelphia, 388 Pa. 370, 130 A. 2d 511 (1957). If plaintiff cannot suffer injury from any reasonably foreseeable actions by defendants, she lacks standing to represent a class, undefined in the pleadings, which might conceivably be injured.

Further, plaintiff's counsel, in oral argument before the court on defendants' preliminary objections, conceded that she has not and is not currently suffering any pecuniary injury, much less any prospect of imminent irreparable injury. The threat of irreparable injury to her, or the undefined class of taxpayers or citizens to which she belongs, depending as it does upon the conjectural prospect of implementation by defendants of improper advice from their solicitor, is too remote and speculative to support an injunction against his employment.

Plaintiff's standing to sue as a citizen on behalf

of all Potter County citizens is unsupported by any prospect of misappropriation of municipal funds that will injure her or others as citizens: Downing v. Erie City School District, 360 Pa. 29, 61 A. 2d 133 (1948).

(3) The allegations in plaintiff's amended complaint, paragraph 9, are insufficient to show that defendants, in re-employing as their solicitor a person occupying the same position for the preceding eight years, acted fraudulently, arbitrarily, capriciously or in abuse of their administrative discretion: Hyam v. Upper Montgomery Joint Authority, supra; Weber v. Philadelphia, supra; Flaherty v. Allegheny Port Authority, supra; Larrecq v. Van Orden, supra.

The scope of this court's review of the exercise of discretionary powers by defendants is limited to a determination of whether their exercise of discretion has been flagrantly abused.

(4) The allegations in paragraphs 8(a), 8(b) and 8(c) of past violations by the county solicitor of the County Planning Regulations and State Planning Code, are not pertinent to the right to injunctive relief and are stricken.

Considered in the best light, plaintiff's complaint asserts that what defendants did was wrong. Assuming this to be true, the allegations nevertheless do not warrant judicial intervention. Whether plaintiff or the court agree with the action of defendants is irrelevant. The amended complaint does not demonstrate factually that the conduct of defendants satisfied the conditions precedent for judicial intervention in their administrative discretion and the amended complaint, therefore, fails to state a cause of action.

In Blumenschein v. Pittsburgh Housing Author-

ity, 379 Pa. 566, 109 A. 2d 331, 355 (1954), the court stated, at page 573:

"That the court might have a different opinion or judgment in regard to the action of the agency is not sufficient ground for interference; *judicial* discretion may not be substituted for *administrative* discretion."

Although the court believes that a clear case is made to sustain the preliminary objections, it recognizes that plaintiff's claim should be denied only where the case is wholly clear and free from doubt. Rather than foreclose her claim and leave appeal the only recourse, the court will afford plaintiff the opportunity to amend her complaint.

### ORDER

And now, May 11, 1976, it is hereby ordered that defendant's preliminary objections to the amended complaint are sustained and the amended complaint dismissed; plaintiff shall have leave to file a second amended complaint within 20 days of the date hereof.