## Huguet v. Foodsales, Inc.

*James G. Porter,* for plaintiff.
*Robert S. Gawthrop, Jr.,* for defendant.

O'DONNELL, *J.,* September 26, 1977 — This is an action at law in assumpsit seeking to recover damages for claimed violations of a written agreement under which plaintiff's partnership sold its food brokerage business to defendant's predecessor. Part of the consideration for the agreement was defendant's undertaking to employ plaintiff primarily to handle the accounts of his former customers, for which plaintiff was to be compensated by salary, bonus and certain insurance coverage and by the use of an automobile. The complaint further alleges that "subsequent to June 1, 1968 (date of Written Agreement)" plaintiff entered into an oral contract with defendant providing "inter alia" for certain additional life, medical and health insurance coverage. Plaintiff claims that defendant terminated his employment some eight years later "contrary to the terms and provisions of said agreement," as a result of which, plaintiff claims damages "in excess of $250,000.00."

Defendant has filed preliminary objections in the nature of a motion for a more specific pleading with respect to the averments that the oral agreement was "subsequent to June 1, 1968" and was

for "inter alia" certain insurances, and with respect to the averment that plaintiff's damages *were "in excess of $250,000.00." Further prelimi-*nary objections are in nature of a motion to strike those same averments, and in the nature of a demurrer as to the entire complaint.

Defendant's motion for a more specific pleading is a point well taken. To plead merely that the oral agreement was entered into "subsequent" to a given date, without furnishing even the roughest estimate of the actual time at which, or circumstances under which it was reached, and the averment that an oral contract covered certain items "inter alia," other items not given, without averring the entire oral agreement and the averment that plaintiff's damages merely were "in excess" of a given figure are clearly insufficient and fail utterly to give defendant adequate notice of what he must defend. See: Weingrad v. Fischer & Porter Company, 47 D. & C. 2d 244 (1968), a case for wrongful discharge with strikingly similar background and averments.

The motion to strike, however, must be overruled. A motion to strike is not a substitute for the motion for more specific pleading: Linn v. Morgan, 70 D. & C. 2d 717 (1974). The failure to conform to a rule of court contemplated by the preliminary objection in the nature of a motion to strike is not the mere failure adequately to plead sufficient facts, a failure which, under Pa. R.C.P. 1017, has its own remedy.

The demurrer must likewise be overruled for, as presently pleaded, the complaint does not contain enough facts for this court to determine whether or not plaintiff has a cause of action. A demurrer which puts a party out of court may be sustained

only in cases which are clear and free from doubt: Rankin v. Chester-Upland School District, 11 Pa. Commonwealth Ct. 232, 312 A.2d 605 (1973).

Plaintiff's brief contends that defendant's preliminary objections are, in their entirety, "barred" by Pa. R.C.P. 1017(b), because they were not raised in an earlier pleading, but such a contention may not be raised merely in a brief. Objections to preliminary objections are, themselves, raised only by preliminary objections, Pa. R.C.P. 1017.

### ORDER

And now, September 26, 1977, the preliminary objections in the nature of a more specific pleading are sustained as to paragraphs ten and eighteen of the complaint. The preliminary objections in the nature of a motion to strike are overruled and dismissed. The preliminary objections in the nature of a demurrer are overruled and dismissed, with leave to defendant again to plead a demurrer in the event that an amended complaint is filed. Plaintiff is granted leave to file an amended complaint within 20 days of this order.