**Piergallini v. Baxter**

*William S. Huganir*, for plaintiffs.
*Thomas J. Beagan, Jr.*, for defendants.

O'DONNELL, *J.*, December 21, 1977—This is an

action in trespass for personal injuries to a tenant who fell on ice on his landlord's premises. The landlord has filed an answer and new matter, the latter setting forth certain exculpatory clauses in the lease which contained language relieving the landlord of responsibility, no matter what happened, and regardless of fault. Plaintiff has filed preliminary objections in the nature of a demurrer to the new matter and has asked the court to "dismiss" that pleading.

A demurrer can be employed to test the legal sufficiency of a complaint. It "is an assertion that the complaint does not set forth a cause of action upon which relief can be granted." Balsbaugh et al. v. Rowland, 447 Pa. 423, 280 A. 2d 85 (1972). "In ruling upon a demurrer, the issue for the court is whether the complaint sets forth a cause of action . . . A demurrer is identical to a motion for judgment on the pleadings."[1] Clouser v. Shamokin Packing Company et al., 240 Pa. Superior Ct. 268, 361 A. 2d 836 (1976).

In other words where a demurrer is sustained, the losing side is out of court and, if the complaint cannot be amended, entry of judgment is in order: Rankin v. Chester-Upland School Dist., 11 Pa. Commonwealth Ct. 232, 312 A. 2d 605 (1973).

In this case, even if the new matter were insufficient in law, no judgment could be entered for anyone, since the complaint avers negligence and an

---

1. With all due respect to such venerable authority this statement is not entirely accurate. A motion for judgment on the pleadings takes into account all pleadings of record. The demurrer attacks only one specific pleading.

injury, and the answer denies the former and demands proof of the latter. "The ground that the new matter 'does not constitute an affirmative defense . . . should have been made the subject of a . . . motion to strike . . . not by way of [a] demurrer.' " Delaware County Child's Care Center v. Muller, 5 Chester 124 (1952).

Ordinarily the foregoing discussion should suffice, but we find in 2 Pa. Civ. Prac. §1017.145 the assertion that the demurrer, "is available . . . to test the sufficiency of the cause of action or *defense*."[2] No citation of any authority is given in support of this comment. Later in the same section, we find the assertion that, "A demurrer may be filed to an answer or new matter." The sole authority given for that proposition is United Interchange, Inc. v. Souder, 13 Chester 59 (1959),[3] a case in which a comment to that effect does appear but only as dicta and in which the attempted demurrer was dismissed.

We find more of the same in 29 P.L.E. 429, §121: "[A demurrer] is available . . . to test the sufficiency of . . . a complaint, answer . . ." and gives the above section of Anderson and United Interchange, supra, as support. P.L.E. cites as additional authority Brown v. T. W. Phillips Gas & Oil Co., 365 Pa. 155, 74 A. 2d 105 (1950), a case which does not support the proposition at all, as it deals only with a demurrer to a complaint, and gives as further au-

---

2. Emphasis supplied.

3. There is no such case in 13 Chester. We find that case at 9 Chester 59.

thority, 20 U. Pitt L. Rev. 551 (1958), which does not even mention the subject.

The plot thickens as we turn to 31A Vale Pa. Digest, Pleading, Key No. 194(1), 372, which advances the same proposition in their squib of Arm of Retail Merchants v. Moses, 24 Law L. J. 72 (1972). That squib accurately reports the headnote to that case, but the headnote does not accurately report the case, for the pleading attacking a new matter in that case was not a demurrer. It was a motion to strike as it should have been.

At the same key number, Vale squibs Horick v. Laird, 53 D. & C. 2d 141, 13 Adams 72, 85 York 60 (1971), as further authority, but again the case is misread. In Horick, it was a counterclaim inadvertantly denominated a new matter, to which demurrer was made. It makes good sense to attack a counterclaim by demurrer as not setting forth a cause of action—the very role of a demurrer.

Finally, we note Dutchess Underwear Corp. v. Swan Mfg. Co., 75 D. & C. (1950), a case occasionally cited for the same proposition, but that case involves a demurrer to a complaint.

We are glad to set the record straight.

However, we do have the authority to waive a procedural defect and consider the demurrer as a motion to strike, but even if we did, we couldn't strike the new matter here. The lease clauses to which exception is taken may well, as is argued, be part of a contract of adhesion but that conclusion can be reached only by reference to facts dehors the record. The court must give the parties an opportunity to present evidence of the commercial setting of the transaction: Fredericks v. Hamm, 45 D. & C. 2d 687 (1968). Hence we do not reach the merits of this controversy, and enter the following

## ORDER

And now, December 21, 1977, the preliminary objection in the nature of a demurrer is overruled and dismissed. Plaintiff has 20 days to file a responsive pleading.