## West Manchester Township v. Bair Community Fire Co.

*John C. Herrold,* for plaintiff.
*D. Michael Craley,* for defendants.

CASSIMATIS, *J.,* June 27, 1990 — This matter is before the court pursuant to the preliminary objections of defendant Bair Community Fire Company.* For reasons set forth below, the objections are granted in part and refused in part.

Plaintiff, West Manchester Township, passed an ordinance (88-10) prohibiting defendant from responding to fires within the township. Plaintiff alleges that defendant violated the ordinance by responding to a fire on January 24, 1989. Plaintiff seeks to enjoin further violations of the ordinance. Defendant filed the instant preliminary objections, asserting the following: lack of capacity to sue, lack of jurisdiction, demurrer, and a motion to strike plaintiff's request for attorneys' fees.

We first consider defendant's contention that plaintiff lacks capacity to sue. Defendant argues that because the Second Class Township Code does not specifically empower plaintiff, a second class township, to bring an equity action, plaintiff lacks capacity to seek injunctive relief. Plaintiff counters by asserting that because it has the power to sue,

---

* Plaintiff has also named trustees and members of the fire company in addition to other individuals in this action. All defendants shall be referred to herein as defendant.

regulate fire companies, and adopt all regulations necessary for the protection of its citizens, it impliedly has the power to maintain an equity action.

First, it is noted that pursuant to 53 P.S. §65701, plaintiff has the power to sue. It must next be explored whether this power includes the right to maintain an equity action to enforce its ordinance.

Defendant argues that the holding in *Skippack Community Ambulance Assn. v. Skippack Twp.*, 111 Pa. Commw. 515, 534 A.2d 563 (1987) is controlling in this situation. There, the court held that 53 P.S. §65747, which gives a township the power "to take all needful means for securing the safety of persons or property within the township," did not confer standing on a second class township to seek an injunction. The court stated:

"Moreover, it is well settled that townships, political subdivisions of the commonwealth, possess only such powers as have been granted to them by the legislature, either in express terms or *which arise by necessary implication or are incidental to powers expressly granted* or are essential to the declared objects and purposes of the townships." *Skippack* at 517, 534 A.2d at 564, citing *Commonwealth v. Ashenfelder*, 413 Pa. 517, 198 A.2d 514 (1964).

In the instant case, plaintiff does not rely on 53 P.S. §65747 in support of its argument that it impliedly has the right to seek an injunction. Instead, plaintiff cites 53 P.S. §65762 which provides:

*"General Powers —*

"To make and adopt all such ordinances, bylaws, rules and regulations not inconsistent with or restrained by the constitution and laws of this commonwealth as may be deemed expedient or necessary for the proper management, care and control of the township and its finances and the maintenance

of peace, good government and welfare of the township and its trade, commerce and manufactures."

Plaintiff argues that this section, in conjunction with its power to sue and regulate fire companies pursuant to 53 P.S. §65704, impliedly gives it the power to seek an injunction.

The court is inclined to conclude that plaintiff impliedly has the right to seek injunctive relief. As stated in *Skippack, supra,* "[Townships] possess only such powers . . . which arise by necessary implication or are incidental to the powers expressly granted." Here, plaintiff is empowered to sue, regulate fire companies and, most importantly, adopt all regulations necessary for the protection of its citizens. By seeking an injunction, plaintiff is attempting to effectively exercise these express powers. This becomes even more apparent when the situation at hand is evaluated.

Although the ordinance in question provides for criminal penalties for violations thereof, this is not an adequate remedy at law. The object of the ordinance is to prevent defendant from fighting fires. Absent injunctive relief (if it is ultimately granted), plaintiff lacks a mechanism for *prospectively* preventing violations of the ordinance. The criminal penalties which would follow a violation of the ordinance would not serve to stop defendant or its members from violating the ordinance — before it is violated.

Moreover, the harm that could potentially result from defendant fighting fires in violation of the ordinance is certainly not remedied by the penalty provisions of the ordinance. For instance, should injury to person or property result from defendant

violating the ordinance, harm to the public, the risk of which could have been enjoined, will have occurred.

Additionally, it is reasonable to infer that defendant, unwilling to recognize the authority of the ordinance prohibiting its responding to fires with the township, might also be unwilling to accept the authority of the fire chief or other authorized persons directing the firefighting strategy. For this reason, the risk of harm to property and persons where firefighting efforts are not coordinated is self-evident.

We also note that courts of equity have power to prevent or restrain the commission or the continuance of acts contrary to law and prejudicial to the interests of the community or the rights of individuals. *Rankin v. Chester-Upland School District,* 11 Pa. Commw. 232, 312 A.2d 605 (1973). Defendant's act of responding to fires in violation of the ordinance is certainly contrary to law. Also, the potential injury that could result from defendant's action is prejudicial to the safety interests of the community. Consequently, we conclude plaintiff has standing to seek an injunction.

Defendant also argues that the court lacks jurisdiction to hear this matter. Defendant argues that because the Second Class Township Code provides that proceedings for violations of ordinances are to be commenced before a district justice, this court does not have jurisdiction. This argument must fail because district justices do not have jurisdiction to enter an injunction. Since district justices lack power to issue injunctions, and the court of common pleas is the court with the power to do so, this court has jurisdiction. As a result, this objection will be dismissed.

Defendant next demurs, asserting that the township has an adequate remedy at law and has not suffered irreparable injury. Defendant also demurs on the ground that the township's ordinance provides that the town may proceed in equity only in case of a "continuing violation" and the township has alleged only one violation of the ordinance.

As stated above, the penalty provisions of the ordinance do not provide plaintiff with an adequate remedy at law as injury to person and property could result from further violations of the ordinance by defendant. In addition, irreparable injury could result from defendant's continued violation of the ordinance for the same reasons set forth above.

We now consider whether plaintiff has alleged a "continuing violation" of its ordinance that would enable it to seek injunctive relief under the provisions of ordinance 88-10. Plaintiff's complaint, paragraph 15, reads:

"Plaintiff believes and therefore avers that unless the defendants are enjoined from doing so, the defendants will continue to respond to fire alarms within the confines of West Manchester Township even though the authority to respond to such alarms has been revoked by legal authority."

Since the court is ruling on a demurrer by defendants, plaintiff's allegations must be accepted as true. Whether defendant has continued to respond to fires in violation of the ordinance is a factual question that may be resolved at trial; it cannot be disposed of by preliminary objection. Consequently, plaintiff has alleged a continuing violation as required by ordinance 88-10 and, therefore, the demurrer must be refused.

Lastly, we address defendant's preliminary objection to plaintiff's request for attorneys' fees. This objection will be sustained. Plaintiff has neither

cited a statute nor advanced any argument in support of its claim for attorneys' fees. As a result, defendant's motion to strike will be granted.

Accordingly, we enter the following

## ORDER

And now, June 27, 1990, the preliminary objections of defendants, Bair Community Fire Company, its trustees, directors, officers and members, and John A. Bare and Dennis McNeil, are refused except that defendants' motion to strike plaintiff's request for attorney's fees is granted.

Defendants are directed to answer the complaint within 25 days of this order.

The prothonotary is directed to provide notice of the entry of this opinion and order as provided by law.