Bernard B. Martin, Thomas O. Oyler, Sr., and Olmer Spence, Appellants, *v.* Adams County Area Vocational Technical School Authority, Bermudian Springs School District, Conewago Valley School District, Fairfield Area School District, Gettysburg Area School District, Littlestown School District and Upper Adams School District, Appellees.

Argued December 5, 1973, before Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT. President Judge BOWMAN did not participate.

*Stephen E. Patterson,* with him *Ullman & Painter,* for appellants.

*Eugene R. Hartman,* for appellees.

OPINION BY JUDGE WILKINSON, December 28, 1973:

On April 23, 1973, plaintiffs-appellants brought this action in equity to enjoin defendants-appellees from proceeding with the construction of an area vocational-technical school on a 24.775 acre tract of land purchased by appellees from Adams County for a purchase price of $100,000.00. The estimated project cost was alleged to be $3,620,000.

We summarize the reasons alleged by appellants in the complaint, as amended, to support their claim that the court should exercise its extraordinary powers to perpetually enjoin appellees from using the site they selected:

(1) No feasibility study has been made, including a traffic study;

(2) Other and more desirable land is available at a lesser price;

(3)   Other available sites are more accessible;

(4)   Cost of sewerage facilities and services would be less on other sites;

(5)   Construction costs would be less on other sites;

(6)   The 24.775 acre tract is too small, and there is no additional land available for expansion at the proposed site;

(7)   The Advisory Council on Historic Preservation may comment adversely on this site and jeopardize $473,000.00 in federal grants;

(8)   The project was being pressed to avoid the necessity of a public hearing in the event the then proposed "Taj Mahal" bill was adopted by the General Assembly;

(9)   If appellees are enjoined, no loss would be suffered in that the agreement with the County of Adams, grantor, provides that if the land is not used for school purposes, it will revert and the $100,000 will be refunded;

(10)   The investigation of the suitability of the site was improperly delegated to a joint operating committee of the Area Vocational-Technical School Board rather than performed by the full Board;

(11)   All actions taken since December 1971 by the joint operating committee are a nullity since it has not properly organized and elected officers according to Article XVIII of the Public School Code of 1949, Act of March 10, 1949, P. L. 30, as amended, 24 P.S. §18-1850.3(d).

We have summarized the alleged basis of appellants' complaints in such detail because the lower court has sustained a preliminary objection by appellees that the appellants are guilty of laches in delaying from March 7, 1972, the date the option to purchase was obtained, until April 23, 1973, when the complaint was filed. We must affirm.

*Francis X. Hope, Jr.,* with him, of counsel, *Hope, Portnoff & Grant, Ltd.,* for appellant, Borough of Malvern.

*Thomas A. Riley,* with him *John C. Snyder* and *Lentz, Riley, Cantor, Kilgore & Massey, Ltd.,* for appellees, K. R. I., K. R. I. South and Agnew.

*W. Richard Gentry,* for appellee, Morelli.

*Ronald M. Agulnick,* with him *Agulnick & Talierco, Assoc.,* for appellees, Blackburn and Stein.

OPINION BY JUDGE KRAMER, December 28, 1973:

This is an appeal from an order of the Court of Common Pleas of Chester County dated January 24, 1973, setting aside the adjudication of the Zoning Hearing Board (Board) of the Borough of Malvern (Borough) in which the Board had sustained an appeal from the granting of building permits to the three appellees in this case.

On December 17, 1971, the Malvern Borough Council enacted Ordinances Nos. 190 and 191 which in effect amended its Zoning Ordinance to provide for "OA— Office Apartment Districts" at designated locations in the Borough. The record before us indicates that certain citizens of the Borough challenged the legality of Ordinances 190 and 191, and that the matter was finally adjudicated in the Court of Common Pleas. That court dismissed the appeals and sustained the validity of said ordinances. The record before us does not indicate whether exceptions were ever filed or an appeal taken from that court order. The record does indicate that the appellees in this case intervened in all of the cases before the lower court wherein the validity of said ordinances was upheld.

In any event, following the adoption of Ordinances 190 and 191, the appellees herein made application for

building permits which were issued to them. There appears to be no question by anyone that the appellees met all of the requirements and provisions of Ordinances 190 and 191, and that the only question which was raised on appeal to the Board was the legality of the ordinances. At the hearing before the Board, its chairman announced that the Board had no power to pass upon the validity of any provision of the ordinances. However, in its final adjudication, the Board made what it called "Findings of Fact" which were in reality almost entirely conclusions of law attacking the validity of the ordinances.

Following the Board's adjudication, the appellees herein took an appeal to the court below. That court without receiving additional evidence or testimony filed its opinion and order wherein it held that under the provisions of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P. L. 805, art. IX, §910, 53 P.S. §10910,[1] the Board had committed an error of law, and therefore set aside the Board's adjudication.

Thereafter the Borough and two of its citizens, viz. Ernest L. Kenney and J. Gilbert Scott, filed an appeal with this Court. The appellees filed a motion to quash the appeal on the basis that (1) the Borough had won in the court below because the court had sustained the validity of the Borough's ordinance and (2) that neither Kenney nor Scott were parties to the action before the court below from which the appeal was taken. By order of the President Judge of this Court, the parties were ordered to argue both the motion to quash and the case on the merits.

---

[1] This Act was later amended by the Act of June 1, 1972, P. L. , No. 93, §910, which amendment of course is not applicable under the facts of this case. All reference to the MPC in this Opinion refer to the MPC as found prior to its amendment by the above mentioned Act.

The Borough contends that after Ordinances Nos. 190 and 191 were passed, a *new* Borough Council, which was opposed to the passage of Ordinances 190 and 191, took office. It is obvious that the new Council could repeal the prior passed ordinances, but, of course, the building permits in question in this case had been issued before Borough Council could make such repealers. The Borough candidly admits that the legal effect of the lower court's opinion from which this appeal was taken sustains the validity of the Borough's ordinances, and as such puts the Borough in the position of having won the case. It argues, nevertheless, that it should be permitted to appeal so that it can defeat the purposes of its valid ordinances on the basis of the new Council's opposition to them. The Borough cites no case or statutory authority for the proposition that a new council may abrogate rights vested under valid ordinances of a prior council. The reason no such authority was cited is perhaps self-evident. If we were to permit a municipality to void building permits merely because of the results of a political election changing the complexion or philosophical thinking of the governing body of a municipality, only chaos could result. Thus, we must agree with the appellees that the Borough was not aggrieved and therefore cannot appeal the lower court's order.

Kenney and Scott contend that they have been interested citizens actively engaged in the protest against Ordinances 190 and 191. They assert that they were parties to the appeal to the Board and further, that their counsel participated in the appeal to the court below. The record does not support their assertion. We have carefully read the record in this case, and we have been unable to find any reference to Kenney, Scott, or counsel representing them anywhere in the record made before the court below. The record made before the Board does contain a sheet of paper marked as an

exhibit, which was identified by a witness as a list of persons apparently residing in Malvern who were opposed to the passage of Ordinances 190 and 191 when they were under consideration by Borough Council. The names "E. L. Kenney" and "Gilbert Scott" appear on that list. There is no reference, however, in the record before the Board which indicates that Kenney or Scott were appellants or were intervenors or otherwise parties to that appeal. Although the paper found in the records sent by the lower court to this Court on certiorari does not contain a date, the printed record indicates a date of July 20, 1971 in the upper right-hand corner of the list, which is entitled "Object." Incidentally, although not in any way controlling in this case, the Court takes note with interest that one of the 31 names contained on the list is the same as one of the voting members of the Board. If they are one and the same person, his participation in the adjudication of the Board is certainly suspect.

In summary, this record permits us to conclude that Kenney and Scott have not been parties at any time since an appeal was first taken to the Board.

The MPC in effect at the time these appeals were taken governs who can appeal. Section 914 of the MPC, 53 P.S. §10914, provided that an aggrieved person may file an appeal, in writing, with the Board. We reiterate that the record does not indicate that either Kenney or Scott was a party before the Board. Section 1003 of the MPC, 53 P.S. §11003, provided that "any party before the board" could appeal to court. Section 1006 of the MPC, 53 P.S. §11006, provided for intervention. Even assuming arguendo that Kenney and Scott were parties before the Board, neither one appealed or intervened in the matter before the lower court. We cannot declare either to be a party at any place in the proceedings below, and therefore, they have no right to take an appeal to this Court.

Although we will dispose of this appeal by granting the motion to quash in an Order contained at the end hereof, we believe it would be helpful to all concerned to make a few comments on the merits of the case. It is quite obvious from a reading of the record in this case that Ordinances Nos. 190 and 191 have generated an emotional reaction by citizens opposed to office and apartment development in the Borough of Malvern. The litigious nature of the protestants is disclosed by the number of suits which have been filed attempting to test the constitutionality and validity of these ordinances; yet, none of the protestants ever has questioned the validity of the permits issued. As already noted, the court below in other cases has upheld the validity of these ordinances. This case represents yet another attempt to attack the validity of these ordinances by another tack. So that there is no misunderstanding by any of the parties, if this Court had been called upon to rule on the merits of the case, we would have affirmed the order of the court below. Although the court's opinion does not set forth numbered findings of fact and conclusions of law, and although this Court would prefer that the trial courts used the format so familiar to the bench and bar in which findings and conclusions are enumerated, the lower court's opinion in this case satisfies the requirements of a proper adjudication. We have held in many cases that this Court on appeal will not pass upon the judgment of the municipal legislative body, rather, we need only to look to determine whether or not that body has met the requirements of the Constitution and the statutes. *See Bidwell v. Zoning Board of Adjustment*, 4 Pa. Commonwealth Ct. 327, 286 A. 2d 471 (1972); *Boron Oil Company v. City of Franklin*, 2 Pa. Commonwealth Ct. 152, 277 A. 2d 364 (1971). There is a strong presumption of validity and the burden is upon those challenging the constitutionality or validity

of ordinances. In summary, the court below properly set aside the adjudication of the Board. We therefore

ORDER

AND NOW, this 28th day of December, 1973, the appellees' motion to quash the appeal is hereby granted, and the appeal is dismissed.

Judge CRUMLISH, JR., concurs in the result only.