Gerald Schatz and Wordsworth Academy *v.* The Zoning Hearing Board of Upper Dublin Township. Upper Dublin Township, Appellant.

Argued April 2, 1975, before President Judge Bow-
MAN and Judges CRUMLISH, JR., KRAMER, WILKINSON,
JR., MENCER, ROGERS and BLATT.·

*James L. Hollinger,* with him *Smith, Aker, Grossman,
Hollinger & Jenkins,* for appellant.

*John P. Knox,* with him *John F. Gaffney* and *Timoney,
Knox, Avrigian & Hasson,* for appellees.

OPINION BY JUDGE BLATT, August 18, 1975:

This case is before us on the appellee's motion to
quash an appeal taken by Upper Dublin Township (Town-
ship) from an order of the Court of Common Pleas of
Montgomery County.

On January 18, 1974, Gerald Schatz and Wordsworth
Academy (Academy) of which Schatz is the director,
filed an application for a zoning permit with the Town-
ship's Zoning Hearing Board (Board). They thereby
sought interpretation of a prior 1969 order issued by the
Zoning Board which granted Schatz a special exception

to use his property for a school. Certain conditions had been attached to the grant of that special exception among which was a requirement that the property's private driveway into Wenner Way, a public road, be a maximum of 18 feet in width and that it be provided with a "6-feet high chain link fence and double acting gate." Another driveway which fronted on Pennsylvania Avenue was intended to be the main entrance. As construction of the Academy progressed pursuant to the grant of that special exception, a further question arose as to the extent of the use which would be permitted along the private driveway on Wenner Way, and it was that controversy which prompted the filing of the application of January, 1974. On April 3, 1974 the Board issued an order holding essentially that use of the private driveway connecting with Wenner Way should be limited to emergencies or exigent circumstances. Schatz and the Academy appealed this decision to the Court of Common Pleas which reversed the Board on August 26, 1974 and ordered that Schatz and the Academy be allowed to use the driveway connecting with Wenner Way free of the conditions which limited its use to emergencies.

The Township intervened before the lower court and has now appealed to this Court. The appellee's motion to quash, however, asserts that the Township's appeal is in reality being taken on behalf of certain private citizens who wish to prevent the unrestricted use of the Wenner Way entrance. As admitted by the Township in its answer to the motion to quash, the Township's Board of Commissioners met on September 3, 1974, eight days after the lower court decision, and, as a result of that meeting, the President of the Board of Commissioners sent the following letter to certain residents of Wenner Way:

"Dear Resident of Wenner Way:

"As you know, Wordsworth Academy appealed the decision of Upper Dublin's Zoning Hearing Board restricting the use of the Wenner Way entrance to emergencies only.

"On August 26, 1974, the Court of Common Pleas of Montgomery County reversed the decision and by its order the Academy can use Wenner Way without the conditions imposed by our Board.

"While this is regretful, the Commissioners do not feel it would be proper to spend taxpayers' money to appeal the decision to the Commonwealth Court of Pennsylvania. Our solicitor, while not agreeing with the findings of the Judge, does not think the higher Court would be inclined to render an adverse decision.

"In addition, it appears, despite the decision, that the Academy will be willing to cooperate with the Township by using Wenner Way in the morning and the exit on to Campbell Road in the afternoon, which would be of some help.

"However, this does not prevent the residents, if they are so inclined, to retain their own attorney to fight the case, hence this letter. If it is the wish of one, or many, to take this course of action, the appeal must be filed before the 25th of September and our attorney, Raymond Jenkins, stands ready to assist counsel in every way to see that the proper papers are filed."

As a result, certain unidentified citizens notified the Board of Commissioners that they would pay the legal expenses for the appeal and James L. Hollinger, Esquire, was employed to provide legal representation in the appeal. Mr. Hollinger is neither the Township Solicitor nor has he been officially authorized to act as counsel for the Township under the procedural requirements of Section 1203 of the First Class Township Code,[1] 53 P.S. §56203.

The law is clear that the private citizens here concerned could not themselves have taken an appeal to this court, for they never intervened as parties before the court below. *Dethlefson Appeal*, 434 Pa. 431, 254 A.2d 6 (1969), *Borough of Malvern v. Agnew*, 11 Pa. Commonwealth Ct. 285, 314 A.2d 52 (1973). Section 1009 of the

---

1. Act of June 24, 1931, P.L. 1206, *as amended*.

Pennsylvania Municipalities Planning Code,[2] 53 P.S. §11009, provides that intervention in zoning appeals by individuals who do not have an interest in property directly involved in the action appealed from is to be governed by the Rules of Civil Procedure, and it has clearly been held that owners of property in the immediate vicinity of property involved in zoning litigation have the requisite interest and status to become intervenors within Pa.R.C.P. 2327 (4). *Esso Standard Oil Company v. Taylor,* 399 Pa. 324, 159 A.2d 692 (1960). Yet these citizens did not intervene. Having passed up their opportunity to participate directly in these proceedings, therefore, the citizens financing this appeal cannot be permitted to pursue an appeal by indirect means. We cannot countenance the use of their private contributions, on behalf of their own private interests, and the employment of an attorney to represent them or the Township, who has not been authorized to represent the Township in an appeal supposedly taken by the Township.

The appellee's motion to quash, therefore, is hereby granted.

---

2. Act of July 31, 1968, P.L. 805, *as amended.*