Controller's Annual Report, Year 1972, of Lackawanna County. Taxpayers of Lackawanna County, Pennsylvania and Erv Hohensee and Gene Basalyga, Appellants.

Submitted on briefs, August 3, 1978, to President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., MENCER, ROGERS, BLATT, DiSALLE, CRAIG and MACPHAIL.

*Ervin Hohensee* and *Gene Basalyga,* appellants, for themselves.

*James J. Ligi* and *Brian J. Cali,* for appellees.

OPINION BY JUDGE MACPHAIL, September 19, 1978:

On September 14, 1973, thirteen (13) persons alleged to be taxpayers of Lackawanna County "on their own behalf and on behalf of all taxpayers of said county" filed an appeal from the Controller's Report of 1972 which had been filed June 13, 1973. Inasmuch as the statute which authorizes such appeals, Section 2805, The County Code, Act of August 9, 1955 (Code), P.L. 323, *as amended,* 16 P.S. §2805, requires that such appeals be entered within ninety (90) days after the filing of the report, the Commissioners of Lackawanna County moved to dismiss the appeal. The taxpayers then sought leave to file the appeal nunc pro tunc under the authority of *Unangst's Appeal,* 333 Pa. 489, 5 A.2d 201 (1939). In a preliminary order the Court of Common Pleas of Lackawanna County allowed the appeal "to afford the taxpayers an opportunity to investigate the existence of fraud or its concealment."

After a three day hearing on the issue of fraud and the filing of depositions and stipulations, the court found no fraud or concealment and held that since the appeal was untimely filed, it should be dismissed.[1]

---

[1] The appeal from the Controller's report involved the alleged misappropriation of county funds for aid to counties stricken by flood damage. Inasmuch as the county was reimbursed by the Federal government for all but $24,935.00 of $525,260.00 actually expended (the sum of $24,935.00 representing items not eligible for reimbursement under Federal regulations) the court held there could be no fraud when there was no damage and that the tax-

On January 23, 1978, Ervin Hohensee and Gene Basalyga (appellants), who were *not* among the thirteen (13) taxpayers who filed the original appeal in the Lackawanna Court of Common Pleas, filed a notice of appeal in the Commonwealth Court from the "opinion" of the lower court. The Commissioners of Lackawanna County (Commissioners) and the Controller filed a motion to dismiss and a motion to quash the appellants' appeal. On March 10, 1978, this Court entered an order directing that the motion to dismiss be denied and that the motion to quash be submitted on brief. Briefs have been filed and the issues raised therein are ready for disposition.

Commissioners and Controller contend that their motion should be granted because: (1) the appeal was untimely filed in violation of Pa. R.A.P. 903, (2) the appellants lack standing to bring the appeal since they were not parties to the initial proceeding and (3) the appellants lack standing to appeal because they are not aggrieved parties. The appellants answer that their appeal was late because the court house was closed on the last day for filing due to inclement weather, that they are among the taxpayers included in the original suit and that the fact that the county was not reimbursed for $24,935.00 makes them aggrieved parties. The issues are somewhat novel.

### Timeliness of the Appeal

In the instant case, Pa. R.A.P. 903, (which was based upon Section 502 of the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, *as amended*, 17 P.S. §211.502), required that the appeal

---

payers' evidence was "at best, vague as to the items of fraud or concealment." The court's order and accompanying opinion were filed December 21, 1977.

from the order of Lackawanna Court be filed within thirty (30) days after the entry of that order. There is no dispute that this appeal was filed on the thirty-third (33) day.[2] Our courts have been consistent in holding that where a time limit has been fixed for the filing of an appeal, the time may not be extended as a matter of indulgence. *Nardo v. Smith,* 448 Pa. 38, 292 A.2d 377 (1972) and *Hafetz v. Redevelopment Authority of the City of Wilkes-Barre,* 19 Pa. Commonwealth Ct. 202, 339 A.2d 644 (1975). There are two exceptions to the general rule: (1) fraud or a breakdown in the court's operation through the fault of its officers to the prejudice of a party, *Nixon v. Nixon,* 329 Pa. 256, 198 A. 154 (1938) and (2) when the defendant in a criminal case fails to file a timely appeal because of the unconstitutional deprivation of the assistance of counsel. *Commonwealth ex rel. Light v. Cavell,* 422 Pa. 215, 220 A.2d 883 (1966). The failure to timely file an appeal deprives an appellate court of jurisdiction. *Duggan v. Environmental Hearing Board,* 13 Pa. Commonwealth Ct. 339, 321 A.2d 392 (1974).

At the outset, it must be noted that although appellants set forth in their answer to the motion to quash that the reason they were late in filing this appeal was because the court house was closed due to bad weather, we have no admission by the movants that that factual allegation is correct; nor is there any affidavit, deposition or testimony to that effect. Unless the appellants can bring themselves within the "breakdown of the court" exception set forth in *Nixon v. Nixon, supra,* this appeal must be dismissed as untimely. However, if the facts alleged by the appellants are correct, we believe a strong case may be

---

[2] The 30th day was a Friday. The appeal was filed the following Monday.

made out to allow the appeal notwithstanding its untimeliness. It is noteworthy that the Commissioners do not mention the alleged court house closing in their brief, notwithstanding the fact that it was alleged in appellants' answer to the motion to quash.

Since the factual basis necessary for us to agree with appellants' position has not been firmly established by the record now before us, we will not decide this issue but rather base our final order upon our disposition of the other grounds raised by the motion to quash.

### Standing of the Appellants

#### (a)  *Not Parties to the Original Proceedings*

Here, factually we are faced with somewhat less of a problem than we were in our discussion of the previous issue. We have the record from Lackawanna County and upon examination of the original appeal from the Controller's report we are satisfied that the appellants were not among the thirteen (13) taxpayers who signed that appeal. Conversely, none of the original signators on the appeal to the Lackawanna court are appellants here.

Commissioners rely heavily upon *Borough of Malvern v. Agnew*, 11 Pa. Commonwealth Ct. 285, 314 A. 2d 52 (1973) in contending that appellants have no standing in this appeal. In that case certain citizens of the Borough of Malvern challenged the legality of two borough ordinances but their appeal was denied by the lower court. Thereafter, relying upon the court's adjudication, certain parties applied for building permits and the Zoning Hearing Board declared the ordinances invalid. The Board's adjudication was set aside by the lower court. At that point, the Borough and two citizens who had *not* been among the

original objectors in the court below appealed to this Court. Pertinently, this Court held:[3]

> The MPC in effect at the time these appeals were taken governs who can appeal. Section 914 of the MPC, 53 P.S. §10914, provided that an aggrieved person may file an appeal, in writing, with the Board. We reiterate that the record does not indicate that either Kenney or Scott was a party before the Board. Section 1003 of the MPC, 53 P.S. §1103 [11003], provided that 'any party before the board' could appeal to court. Section 1006 of the MPC, 53 P.S. §1106 [11006], provided for intervention. Even assuming arguendo that Kenny and Scott were parties before the Board, neither one appealed or intervened in the matter before the lower court. We cannot declare either to be a party at any place in the proceedings below, and therefore, they have no right to take an appeal to this Court.

*Borough of Malvern v. Agnew, supra,* at 290, 314 A.2d at 54.

*See also Appeal of Dethlefson,* 434 Pa. 431, 433, 254 A.2d 6, 7 (1969) where the Court said "[t]here is but one way to become a party litigant in a court and that is by appearing in the proceedings."

It is the contention of the Commissioners and Controller here that the language in Section 2805 of the Code is controlling where it states "[i]n all such appeals, the courts of common pleas may direct an issue to be tried by a jury, upon whose verdict final judgment shall be entered, *reserving the right to all*

---

[3] At the time the case was decided, Section 1003 of the Municipalities Planning Code, Act of July 31, 1968, P.L. 805 (repealed) read, "Zoning appeals may be taken to court *by any party before the board,* or any officer or agency of the municipality." (Emphasis ours.)

*parties to appeal, as provided in other appeals."* (Emphasis added.) Since the appellants here were not "parties" below, the Commissioners and Controller argue that they should have no standing here. We agree.

Appellants contend that the initial appeal was filed "on behalf of all the taxpayers of the county" and that therefore they were at least nominal if not actual parties in the proceedings below. Again, the language of Section 2805 of the Code must be observed. It says: "Subject to the proviso hereinafter made, any ten or more taxpayers of the county may, *in behalf of such county,* appeal from the report of its county auditors or controller to the court of common pleas. . . ." (Emphasis added.) Although the proceeding below was brought "on their own behalf and on behalf of all taxpayers of said county," the only authority the appellants below had was to file their appeal on behalf of Lackawanna County. Accordingly, we would hold that the mere identification of the appeal as being "on behalf of all taxpayers" is not controlling.

The same section (2805) of the Code also requires that, "[a]*ll of the appellants* shall enter into recognizance with two sufficient sureties, conditioned that the appellants shall prosecute said appeal with effect and pay all costs that may accrue thereon in case they fail to obtain a final decision more favorable *to the county* than the report from which such appeal is taken." (Emphasis added.) Such a bond has been filed and all of the original appellants are signators but the appellants before us are not. While the question of costs is not before us at this moment, the obvious purpose of the bond is to discourage spurious appeals and require that those filing an appeal shall be financially responsible in the event of a ruling adverse to them. Since they have not entered into a recognizance as required by the statute, the present appellants

could not have proceeded in the court below without amending the bond filed there.[4]  If they could not proceed in the court below, they cannot proceed here.

Because they were not actual parties in the original proceedings in the Court of Common Pleas of Lackawanna County, we conclude that appellants have no standing in this appeal.

### (b)  *Not Aggrieved Parties*

In *Lansdowne Borough Board of Adjustment's Appeal,* 313 Pa. 523, 525, 170 A. 867, 868 (1934), the Supreme Court of Pennsylvania, held:

> 'A cardinal principle, which applies alike to every person desiring to appeal, whether a party to the record or not, is that he must have a [direct] interest in the subject-matter of the [particular] litigation, otherwise he can have no standing to appeal.  And not only must a party desiring to appeal have a [direct] interest in the particular question litigated, but his interest must be immediate and pecuniary, and not a remote consequence of the judgment. The interest must also be substantial.'

*See also William Penn Parking Garage, Inc. v. City of Pittsburgh,* 464 Pa. 168, 346 A.2d 269 (1975).

Appellants argue in their brief that they have been "defrauded out of $24,935.00 which was wrongfully, wilfully and knowingly, misappropriated by the County Commissioners and which amount was not reimbursed to the County Treasury."  As we have previously noted, the court below did find that the $24,935.00 was not reimbursed to the County, but that the reason for the non-reimbursement was "Federal bureaucratic regulations."

---

[4] *See In Re: Taxpayer's Appeal from the Report of the Controller of Northumberland County,* 21 Northumberland 32 (1948).

*Mayer v. Hemphill,* 411 Pa. 1, 190 A.2d 444 (1963) is authority for the proposition that a taxpayer's standing to challenge a wrongful expenditure of monies is assumed. "The earlier . . . requirements of pecuniary interest or a special and direct injury have been greatly eased." *Wilt v. Beal,* 26 Pa. Commonwealth Ct. 298, 300, 363 A.2d 876, 878 (1976) (footnote omitted). While adhering to the requirements for an "aggrieved" party as set forth in *Lansdowne Board of Adjustment's Appeal, supra,* the Pennsylvania Supreme Court in *William Penn Parking Garage, Inc. v. City of Pittsburgh, supra,* clarified the language we have hereinbefore quoted. There the Court held that a party to be aggrieved must have been adversely affected by the decision from which the appeal was taken; the interest of the appellant must have some substance, *i.e.,* some interest other than the abstract interest of all citizens in having others comply with the law; and there must be some causal connection between the action complained of and the injury to the person challenging it, *i.e.,* the interest must be immediate and not a remote consequence of the judgment. Notwithstanding those guidelines, there is still some arguable difference of opinion as to the qualifications required of an aggrieved party. *See Pennsylvania Petroleum Association v. Pennsylvania Power & Light Co.,* 32 Pa. Commonwealth Ct. 19, 377 A.2d 1270 (1977). Finally, although Pa. R.A.P. 501 allows an appeal to any party who is aggrieved by an appealable order (unless a statute enlarges the right), the note following the rule goes on to say that "[w]hether or not a party is aggrieved by the action below is a substantive question determined by the effect of the action on the party, etc." Pa. R.A.P. 501 note.

Now to the issue, are the appellants here aggrieved by the order of the court below dismissing the appeal

from audit? Since they were not parties initially, we hold that the court's adjudication was not adverse as to them, but only as to the parties who filed the initial appeal. Also, we hold that the detriment to the appellants before us as individual taxpayers is too remote, there being no evidence that they will be specially or directly affected by the alleged loss to the county of these funds. Their interest is limited to the interest of all citizens in having others comply with the law. *William Penn Parking Garage, Inc. v. City of Pittsburgh, supra.* Accordingly, we conclude that appellants are not aggrieved parties.

Because we do not feel that the appellants have standing to appeal from the order of Lackawanna Court of Common Pleas, we will sustain the motion to quash filed by the Commissioners and the Controller of Lackawanna County.

### ORDER

AND Now, this 19th day of September, 1978, the motion of the Controller and County Commissioners for Lackawanna County to quash the instant appeal is granted. Costs of this appeal to be paid by Ervin Hohensee and Gene Basalyga.