William Gilchrist, Sr. *v.* The Zoning Hearing Board of Old Forge Borough, Carmine Bruno et al., Appellants.

Argued April 4, 1984, before President Judge CRUMLISH, JR. and Judges MACPHAIL and COLINS, sitting as a panel of three.

*Richard S. Campagna,* for appellants.

*William F. Bradican,* with him, *Brigid E. Carey,* for appellees.

Opinion by Judge MacPhail, June 4, 1984:

Appellants[1] here challenge an order of the Court of Common Pleas of Lackawanna County dismissing a rule to show cause why that Court should not vacate its final order in a zoning appeal. We affirm.

The relevant procedural history in this matter dates to October 2, 1981, when Appellants participated as protestants in a hearing before the Zoning Hearing Board of Old Forge Borough (Board) regarding a request by William Gilchrist, Sr. (Landowner) for a nonconforming use certificate. The Landowner's request was denied by the Board on October 26, 1981 and a timely appeal was filed with the court of common pleas on November 23, 1981. Appellants' counsel

---

[1] Carmine Bruno, Jennie Melucci and Marion Scavo.

learned of the appeal on or about December 17, 1981 and requested that Landowner's counsel supply him with a copy of the notice of appeal. A copy of the appeal notice was subsequently forwarded to Appellants' counsel who took no further action in the matter.

Several months later, in June, 1982, the court of common pleas granted the Landowner's motion to have additional evidence taken by deposition. Since additional evidence was presented to the common pleas court, it conducted de novo review[2] and reversed the Board's denial of nonconforming use status in a decision and order dated September 3, 1982. No direct appeal was taken from that order.

On October 18, 1982,[3] however, Appellants filed a petition for a rule to show cause why the court order granting leave to file additional evidence should not be vacated, the deposition testimony filed pursuant to that order as well as the briefs filed by the Board and Landowner should not be stricken, and the September 3 order of the common pleas court should not be vacated. The basis for Appellants' requested relief is their contention that they were entitled to automatic party status in the court of common pleas appeal by virtue of their participation as parties before the Board. Appellants argue that since they were entitled to party status before the common pleas court, any actions which were taken by that court without

---

[2] *See* Section 1010 of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended*, added by Section 19 of the Act of June 1, 1972, P.L. 333, 53 P.S. §11010.

[3] Although the court of common pleas states in its decision dismissing the rule to show cause that the petition for the rule was filed on *September* 18, 1982, the docket entries as well as the time and date stamp indicate that the petition was filed on *October* 18, 1982. Since Appellants have not contended that their petition was filed in September, 1982 we will accept the October 18 date as the true date of filing.

notice being afforded to Appellants, were invalid. As a final remedy, Appellants requested that review be conducted by the court of common pleas based solely on the record compiled before the Board.

The court granted the Appellants' petition to issue the rule on Landowner and the Board.[4] Following the filing of briefs and oral argument, the court denied Appellants' requested relief by order entered December 27, 1982. The instant appeal followed.

We first observe, as pointed out by the Landowner, that Appellants' petition for the rule to show cause was not filed until October 18, 1982, more than two weeks *beyond* the thirty-day period for a direct appeal from the September 3 order of the common pleas court.[5] This time lapse raises a serious question as to whether the common pleas court should ever have allowed the rule to issue. Appellants contend, however, that the failure to recognize them as parties to the common pleas court appeal rendered any action taken without their participation void. Since we conclude that Appellants never attained party status before the common pleas court, we cannot agree that the court's actions were rendered void by any lack of notice to Appellants.

In *Gilbert v. Montgomery Township Zoning Hearing Board,* 58 Pa. Commonwealth Ct. 296, 427 A.2d 776 (1981) we clarified the law regarding intervention under Section 1009 of the MPC, 53 P.S. §11009. Section 1009 provides as follows:

Within the thirty days first following the filing of a zoning appeal, if the appeal is from a board or agency of a municipality, the munci-

---

[4] Landowner's motion in opposition to the petition for issuance of the rule was apparently rejected by the court without a formal ruling.

[5] *See* Pa. R.A.P. 903(a).

pality and any owner or tenant of property directly involved in the action appealed from may intervene as of course by filing a notice of intervention, accompanied by proof of service of same upon each appellant or each appellant's counsel of record. *All other intervention shall be governed by the Rules of Civil Procedure.*[6] (Emphasis added; footnote added.)

The *Gilbert* case dealt specifically with the issue of whether a municipality could appeal to this Court from a common pleas court decision when it had not intervened as an appellee before the court of common pleas. We concluded that despite the fact that the municipality is statutorily deemed to be a party before the zoning board,[7] the municipality does not have automatic party status as an appellee before the court of common pleas when another party has instituted an appeal to that court. In order to obtain party status, the municipality must formally intervene under Section 1009.

We recognized, in dicta, that this intervention requirement even applies to the owner whose property is directly involved in the zoning appeal. If the landowner wishes to participate as an appellee at the common pleas court level, he must intervene under Section 1009. Thus, it seems clear that automatic party status is granted to neither the municipality nor the landowner, despite the fact that both may have participated as parties before the zoning board.

The case for intervention is even stronger with regard to protestants who have participated as parties before the zoning board, as did Appellants in the instant case. We stated in *Gilbert,* 58 Pa. Commonwealth Ct. at 300, 427 A.2d at 779, that:

---

[6] *See* Pa. R.C.P. Nos. 2326-50.

[7] Section 908(3) of the MPC, 53 P.S. §10908(3).

[O]bjecting private citizens, although as clearly entitled as the municipality to become parties in the common pleas court under §1009 by its terms or by its incorporation of intervention under the Rules of Civil Procedure, have no right to appeal further where they have not intervened below.

Moreover, we recognized several years earlier in the case of *Borough of Malvern v. Agnew,* 11 Pa. Commonwealth Ct. 285, 314 A.2d 52 (1973) that protestants who have participated as parties before a zoning board must either appeal or intervene in the proceedings before the court of common pleas in order to retain their party status. Although the discussion in *Borough of Malvern* was dicta, we believe it fully supports our holding here. *See also Summit Township Taxpayers Association v. Summit Township Board of Supervisors,* 49 Pa. Commonwealth Ct. 459, 411 A.2d 1263 (1980); *Schatz v. Upper Dublin Township Zoning Hearing Board,* 21 Pa. Commonwealth Ct. 112, 343 A.2d 90 (1975).

We must, accordingly, conclude that Appellants were not entitled to automatic party status before the court of common pleas. They, instead, were required to intervene under Section 1009 if they desired to participate in the proceedings before that court.

Appellants further argue that our conclusion here should be given prospective application only since it has not been clearly foreshadowed by prior case law. This contention is without merit, since, unlike the situation in *Gilbert,* all of the cases herein discussed predate the relevant history of this matter.

Appellants' final claim that local custom should be followed so as to grant them automatic party status before the court of common pleas where the MPC would not so allow, also must be rejected. Counsel

for the Landowner did all that was procedurally required of him under applicable law and, in addition, acceded to Appellants' request for a copy of the notice of appeal shortly after it was filed. We agree with the common pleas court that the Landowner cannot be required to do more.[8]

Order affirmed.

ORDER

The order of the Court of Common Pleas of Lackawanna County, dated December 27, 1982, is hereby affirmed.

---

[8] The learned trial judge also noted in his opinion that the identical position urged by Appellants in the trial court was advocated in that court by the Board.