## Klem v. Plains Township Zoning Hearing Board

*Ralph J. Johnston,* for appellant.
*Joseph S. Falchek,* for intervenor.

BROMINSKI, *J.,* June 9, 1986 —This matter comes before the court upon the appeal filed on December 12, 1985, by Edward A. Klem from a decision of the Plains Township Zoning Hearing Board granting to Frank Merlino a special exception to erect a sign on the property of one Henry Clark designating Mr. Merlino's development known as Hudson Gardens in Plains Township.

Appellant, Edward A. Klem, died on February 24, 1986, and on March 14, 1986, Helen Klem, his surviving spouse, voluntarily substituted herself as appellant, setting forth the following facts in support of her substitution:

". . . Title to the real estate known as 39 Stark Street, Plains Township, was held by Edward A. Klem and myself as tenants by the entireties. By reason of Edward A. Klem's death, I, as the surviving tenant, am now the sole owner of said premises by operation of law. I have resided in the said premises with the said Edward A. Klem, deceased, and I continue to reside in the said premises."

Frank Merlino has filed written objections to Mrs. Klem's voluntary substitution.

It is alleged in the notice of appeal that the board's decision is arbitrary, capricious, an abuse of discretion and is contrary to the Plains Township Zoning Ordinance for the following reasons: the sign exceeds the size permitted in section 6.0414 of the ordinance, to wit, six square feet; that although section 8.042 of the ordinance sets forth various special

exceptions which the board may grant, none relates to a sign such as that in question; and the sign violates section 6.0432 of the ordinance in that it is located within 10 feet of Wilcox Street.

No additional evidence has been received by the court.

Before the merits of this appeal may be addressed, two other issues must be considered.

First, and most obvious, we are asked to determine whether the voluntary substitution of Helen Klem for her deceased husband is proper.

Second, and less obvious, but nevertheless critical to any consideration of the foregoing first question, as well as to any determination regarding the merits of the appeal, is the question of whether Frank Merlino is properly before this court.

With regard to the latter issue, section 11009 of the Pennsylvania Municipalities Planning Code, 53 P.S. §11009, provides as follows:

"Within the 30 days first following the filing of a zoning appeal, if the appeal is from a board or agency of a municipality, . . . any owner or tenant of property directly involved in the action appealed from may intervene as of course by filing a notice of intervention, accompanied by proof of service of the same upon each appellant or each appellant's counsel of record. All other intervention shall be governed by the Rules of Civil Procedure."

A landowner whose property is directly involved in a zoning appeal is not granted automatic party status in an appeal from a decision of a zoning board, despite the fact that he participated as a party before the board. If a landowner wishes to participate at the common pleas court level, he must formally intervene pursuant to the provisions of the above statute. *Gilchrist v. Zoning Hearing Board of Old Forge Borough,* 83 Pa. Commw. 27, 475 A.2d

1366 (1984). Such being the case, Frank Merlino is not properly a party in this appeal with standing to object to Mrs. Klem's voluntary substitution.

We anticipate, however, that forthwith Mr. Merlino will intervene in a proper manner. In the interest of economizing the time and efforts of all involved in this matter, therefore, may we respectfully suggest at this time to Helen Klem that any properly made objections to her voluntary substitution (similar to those made by Mr. Merlino, but improperly before us) will be well taken.

In this regard, the Pennsylvania Rules of Civil Procedure provide as follows:

"The successor may become a party to a pending action by filing of record a statement of the material facts on which the right to substitution is based." Pa.R.C.P. 2352(a).

"Successor means anyone who by operation of law, election or appointment has succeeded to the interest or office of a party to an action." Pa.R.C.P. 2351.

Essentially, Mrs. Klem alleges that she has succeeded to her late husband's interest in this appeal, because the title to real estate located at 39 Stark Street, Plains Township, which was held by them as tenants by the entireties, became solely hers upon his death by operation of law, and because she resides in the premises.

While we agree that she has succeeded to the full ownership rights of the former entireties property under Pennsylvania law, this does not automatically mean that she also has succeeded to her late husband's interest in this appeal.

This is not to infer, however, that she may not properly proceed with the appeal on his behalf. On the contrary, all causes of action or proceedings, real or personal, except actions for slander or libel,

shall survive plaintiff's death, and the substitution of the personal representative of a deceased party to a pending action or proceeding shall be as provided by law. Goodrich-Amram 2d, §2351.2.

Accordingly, we enter the following

## ORDER

It is hereby ordered that Helen Klem and Frank Merlino are granted leave to become parties properly before this court in the appeal filed to the above term and number consistent with the annexed decision, such leave to extend for a period of 30 days from the date of this order. Thereupon, upon proper motion of either, the court will undertake a consideration of the merits of the appeal.