## Pennsylvania Central Realty Investment Inc. v. Middlesex Township Zoning Hearing Board

*Michael E. Brunnabend,* for appellants.
*Charles D. Vance Jr.,* for the Township of Middlesex.

HESS, *J.,* March 29, 1990 — This is an appeal, by the owner and the lessee of a tract of land located at 2 South Middlesex Road, Middlesex Township, Cumberland County, Pennsylvania, from a decision of the Zoning Hearing Board of the Township of Middlesex. That zoning hearing board decision was

rendered November 9, 1989, and was against the owner and lessee, and favorable to several residents of the township who had argued in favor of a cease and desist order issued by the township's zoning officer, Frank Mellott, in October 1988. This order, in essence, directed the occupants of the premises at 2 South Middlesex Road to immediately cease violation of the township zoning ordinance, which violations consisted of the use of the premises for the sale of sexually oriented material, live sexual exhibitions, the installation of signs without sign permits and the use of the premises without a certificate of occupancy.

On December 8, 1989, the appellants herein filed a notice of appeal docketed to 4270 Civil 1989. No notice was sent concerning the filing of that appeal to either the Township of Middlesex or the various citizens who had appeared in support of the zoning officer's cease and desist order. The intervenors, having seen a report of the appeal in a local newspaper, filed notices of intervention. They were filed on behalf of the Township of Middlesex on December 18, 1989, and on behalf of some 30 citizens of Middlesex Township on January 4, 1990. Both notices of intervention were timely, having met the 30-day requirement for filing as set forth in 53 P.S. §11003-A. Since then, Middlesex Township and the 30 residents each have filed motions to dismiss the instant zoning appeal for failure to conform to Pennsylvania Rules of Civil Procedure 401 and/or 440. In essence, as parties to the proceeding before the zoning hearing board, they contend that they are entitled to notice of the landowners' and lessees' appeal and that their failure to receive notice is grounds for dismissal. We disagree.

The intervenors, in seeking dismissal of this zoning appeal, equate the filing of the appeal with

that of filing pleadings in other civil cases. Pennsylvania Rule of Civil Procedure 401 provides that original process "shall be served within the commonwealth within 30 days after the issuance of the writ or the filing of the complaint." It is clear that this rule involves service on a party defendant. Pennsylvania Rule of Civil Procedure 440 provides as follows:

"(a) Copies of all legal papers other than original process filed in an action or served upon any *party* to an action shall be served upon every other *party* to the action. Service shall be made by handing or mailing a copy to or leaving a copy for each *party* at the address of the party's attorney of record endorsed on an appearance or prior pleading of the *party,* but if there is no attorney of record, then

"(1) by handing a copy to the *party* or by mailing a copy to or leaving a copy for the *party* at the address endorsed on an appearance or prior pleading or the residence or place of business of the *party* but, if such service cannot be made, then

"(2) by leaving a copy at or mailing a copy to the last known address of the *party* to be served." (emphasis supplied)

The application of these Rules of Civil Procedure to the instant proceedings is erroneous for a rather fundamental reason. It presupposes that all persons who were parties before the zoning hearing board have automatic standing as parties on an appeal before the court of common pleas. The law of Pennsylvania is otherwise.

Section 1003-A of the Pennsylvania Municipalities' Planning Code, 53 P.S. §11003-A, provides that land use appeals are entered as of course by the prothonotary. The appeal notice "shall be accompanied by a true copy thereof." 53 P.S. §11003-A(a). Upon filing of the land use appeal, the prothonotary

must forthwith send to the governing body, whose decision or action was appealed, a copy of the land use appeal notice. This, in turn, is notice to the governing body of the requirement that they certify, to the court, their entire record in the matter. The only provision for giving notice of the appeal to others is in paragraph (c) of section 1003-A where the code provides:

"(c) If the appellant is a person other than the landowner of the land directly involved in the decision or action appealed from, the appellant, within seven days after the land use appeal is filed, shall serve a true copy of the land use appeal notice by mailing said notice to the landowner or his attorney at his last known address."

There is no requirement in the statute that notice of the appeal be served on anyone other than the owner of the land and the governing body whose action is appealed.

Other than the appellant and the governmental entity whose action is appealed, all others become parties by the exclusive vehicle of intervention. This procedure was discussed in *Gilchrist v. Zoning Hearing Board of Old Forge Borough,* 83 Pa. Commw. 27, 475 A.2d 1366 (1984). In that case various citizens of Lackawanna County, appellants in the Commonwealth Court, participated as protestants in a hearing before the Zoning Hearing Board of Old Forge Borough regarding a request by William Gilchrist Sr. for a non-conforming use certificate. The board denied the request of Mr. Gilchrist, the landowner, who thereafter timely filed an appeal with the court of common pleas. Counsel for the citizens learned of the appeal approximately three weeks after it was filed though they were never served with a copy of it. Several months later the court of common pleas, after taking additional

evidence and conducting a de novo review, reversed the board's denial of non-conforming use status. More than a month later, the protestants filed a petition with the court seeking to have additional evidence heard. This they did, notwithstanding the fact that they had failed to intervene on the appeal. One of the bases for their requested relief was their contention that they were entitled to automatic party status in the court of common pleas appeal by virtue of their participation as parties before the board. They went on to contend that the failure to recognize them as parties in the court of common pleas appeal rendered any action taken without their participation void.

In its opinion in *Gilchrist, supra,* the Commonwealth Court analyzed its holding in *Gilbert v. Montgomery Township Zoning Hearing Board,* 58 Pa. Commw. 296, 427 A.2d 776 (1981):

"The *Gilbert* case dealt specifically with the issue of whether a municipality could appeal to this court from a common pleas court decision when it had not intervened as an appellee before the court of common pleas. We concluded that despite the fact that the municipality is statutorily deemed to be a party before the zoning board, the municipality does not have automatic party status as an appellee before the court of common pleas when another party has instituted an appeal to that court. In order to obtain party status, the municipality must formally intervene under section 1009.*

"We recognized, in dicta, that this intervention requirement even applied to the owner whose property is directly involved in the zoning appeal. If the landowner wishes to participate as an appellee at the common pleas court level, he must intervene under section 1009. Thus, it seems clear that auto-

matic party status is granted to neither the municipality nor the landowner, despite the fact that both may have participated as parties before the zoning board.

"The case for intervention is even stronger with regard to protestants who have participated as parties before the zoning board, as did appellants in the instant case. . . . Moreover, we recognized several years earlier in the case of *Borough of Malvern v. Agnew,* 11 Pa. Commw. 285, 314 A.2d 52 (1973) that protestants who have participated as parties before a zoning board must either appeal or intervene in the proceedings before the court of common pleas in order to retain their party status." *Gilchrist, supra,* at 31-2, 475 A.2d at 1368. (footnote omitted)

It is clear, therefore, that because neither Middlesex Township nor the intervening citizens' group is a party, they are not entitled to service of legal papers pursuant to Pennsylvania Rules of Civil Procedure 401 or 440.

In order to gain party status, one must intervene within 30 days in an appeal as to which one, admittedly, may have had no notice. We understand the catch-22 that this conclusion represents. On the other hand, interested citizens who understand that they are not entitled to be personally notified, nonetheless have means at their disposal to monitor legal proceedings. These include, at the least, periodic inspection of the prothonotary's public records.

## ORDER

And now, March 29, 1990, the petitions to dismiss the appellants' zoning appeal for failure to conform to Pa.R.C.P. 401 and/or 440 are denied.