632 A.2d 1090

**Robert PESSOLANO**

v.

**ZONING BOARD OF ADJUSTMENT OF the CITY OF PITTS-BURGH and City of Pittsburgh and Walter J. Filip, Ruth Costello, Ken Kozikowski, William Wannat et al.**

**Appeal of Walter J. FILIP, Ruth Costello, Ken Kozikowski, William Wannat et al., Appellants.**

Commonwealth Court of Pennsylvania.

Argued June 15, 1993.

Decided Oct. 25, 1993.

314

Randy L. Rayl, for appellants.

John A. Tumolo, for appellees.

Before COLINS and KELLEY, JJ., and LORD, Senior Judge.

COLINS, Judge.

Walter Filip *et al.* (appellants) appeal from the decision and order of the Court of Common Pleas of Allegheny County (Common Pleas), which sustained the preliminary objections filed by Robert Pessolano (Pessolano) and dismissed appellants' petition to vacate.

This matter began as a zoning action in which Pessolano sought a special exception for the use of his property as a restaurant and bar with live entertainment. Appellants are individuals who appeared before the Zoning Board of Adjustment of the City of Pittsburgh (the Board) to oppose Pessolano's development plans. A group called the South Side Community Council (SSCC) also appeared before the Board to oppose the development.

On April 6, 1989, the Board denied Pessolano's request for a special exception. Pessolano appealed the Board's decision to Common Pleas and served notice of the appeal on the SSCC and on the City of Pittsburgh. The SSCC, after being warned by Common Pleas that it could not participate in the appeal unless it intervened, decided not to intervene. The City of Pittsburgh intervened in Pessolano's appeal in support of the Board's decision. Appellants were not served with formal notice of Pessolano's appeal.

In a decision and order issued December 21, 1990, Common Pleas reversed the decision of the Board and ruled that Pessolano should receive the special exception subject to certain conditions delineated by the court. On February 28,

1991, after the 30 day appeal period had expired, appellants filed with Common Pleas a petition to vacate and issue rule to show cause why order of court should not be dismissed. Appellants asserted that they were denied the opportunity to intervene in the Common Pleas proceedings, because Pessolano had failed to serve them with formal notice of his appeal. Appellants' argument relies on The Pittsburgh Code of Ordinances (Code) § 909.07(g) which reads: "Any person who appeals the decision of the Board to the Court of Common Pleas shall notify all persons that appeared before the Board that such appeal has been taken."

Pessolano filed preliminary objections to appellants' petition, which objections were sustained by Common Pleas, resulting in the dismissal of appellants' action. In a July 29, 1992 opinion and order, Common Pleas ruled that appellants had no standing to challenge the December 21, 1990 decision, because they had not intervened in Pessolano's appeal to Common Pleas. Common Pleas further stated that Pessolano's technical noncompliance with Section 909.07(g) of the Code did not warrant the extraordinary relief requested by appellants. Common Pleas also noted in its decision that appellants had failed to allege· that they did not have actual notice of Pessolano's appeal to Common Pleas. Appellants now appeal to this Court for review of Common Pleas' decision and order.

The issues raised by appellants were first raised before Common Pleas. Accordingly, our scope of review is limited to determining whether Common Pleas abused its discretion or committed an error of law. *Claremont Properties v. Board of Township Supervisors, Middlesex Township*, 118 Pa.Commonwealth Ct. 527, 546 A.2d 712 (1988).

## I. DID PESSOLANO'S FAILURE TO GIVE APPELLANTS NOTICE OF HIS APPEAL REQUIRE COMMON PLEAS TO VACATE ITS PREVIOUS DECISION?

The first issue raised by appellants is whether Pessolano's failure to give appellants formal notice of his appeal requires

Common Pleas to vacate its December 21, 1990 decision. Appellants allege that Pessolano failed to give them notice of his appeal to Common Pleas, despite being required, by Section 909.07(g) of the Code, to give notice to all persons who had appeared before the Board. In their view, this lack of notice requires Common Pleas to vacate its December 21, 1990 decision and order. We disagree.

Notice and an opportunity to be heard are the fundamental components of procedural due process. *East Rockhill Township v. Pennsylvania Public Utility Commission*, 115 Pa.Commonwealth Ct. 228, 540 A.2d 600 (1988). Notice requirements, such as Section 909.07(g) of the Code, are effective safeguards necessary to ensure that all interested parties are aware of their opportunity to participate. However, the value and necessity of these safeguards diminish when interested parties have actual notice of legal proceedings, because actual notice serves to accomplish the same purposes that legal notice is intended to accomplish. Both forms of notice serve to make interested parties aware of the opportunity to exercise their legal rights.

Appellants did not aver in their petition to vacate that they lacked actual notice of Pessolano's appeal to Common Pleas, which appeal was pending for almost two years. Common Pleas explored this issue in depth during oral argument on July 21, 1992, regarding Pessolano's preliminary objections to the petition to vacate [1]. Appellants were reluctant to assert a lack of actual notice during the oral argument, which, in part, contributed to Common Pleas' decision to dismiss appellants' petition.

In evaluating appellants' appeal, this Court must take into consideration other factors besides the alleged harm to appellants' legal interests as a result of failure to receive formal notice. Specifically, we must also consider the consequences of granting the extraordinary relief appellants seek. Appellants, by their petition to vacate, endeavor to overturn two

---

1. See pages 36–46 of the July 21, 1992 transcribed oral argument before the Honorable Alan S. Penkower of Common Pleas, regarding Pessolano's preliminary objections to the petition to vacate.

years of litigation of Pessolano's appeal at the Common Pleas level. They do not provide any statute or case law to support their position that a court must vacate an appellate decision if an appellant fails to serve all interested persons with a notice of appeal.

Moreover, this Court must consider the potential for abusing a petition to vacate, where parties may have actual notice of a proceeding but not formal legal notice of that proceeding. In instances where pertinent parties have actual notice of a proceeding but have not received formal legal notice, the danger exists that the party could decide to utilize the notice deficiency as an "ace in the hole." The interested party would have incentive to intentionally withhold its participation in the appeal, allow another party with similar interests to litigate on its behalf, and reserve the deficient notice issue in order to overturn an unfavorable decision on the merits. This Court, in responsibly exercising its power of judicial review, must anticipate instances where its decisions could foster duplicity in litigation and abuse of the judicial system.

After reviewing the pleadings in this case and taking into consideration the above-mentioned factors, we conclude that Common Pleas did not err, when it refused to vacate its December 21, 1990 decision and order. Appellants, by failing to aver a lack of actual notice of the Common Pleas proceedings, have not demonstrated that Pessolano's failure to issue them formal, legal notice of his appeal to Common Pleas prejudiced their legal position in this case.[2] When there is no showing of prejudice to the complaining party, a lack of notice of appeal from a zoning board is irrelevant and will not cause the appeal to be quashed. *Minnick v. Zoning Hearing Board, Town of McCandless,* 40 Pa.Commonwealth Ct. 31, 396 A.2d 876 (1979); *Graack v. Board of Supervisors of Lower Nazareth,* 17 Pa.Commonwealth Ct. 112, 330 A.2d 578 (1975).

2. We also note that petitioners' legal interests in the zoning matter were identical to those of the City of Pittsburgh, which did intervene in the proceedings in Common Pleas to oppose Pessolano's development plans. This fact also diminishes the validity of petitioners' argument that they were prejudiced by Pessolano's failure to serve them with a notice of appeal.

Accordingly, we conclude that Common Pleas did not commit an error of law or abuse its discretion when it ruled that Pessolano's failure to comply with Section 909.07(g) of the Code did not mandate the extraordinary relief of vacating its December 21, 1990 decision and order.

## II. DID APPELLANTS HAVE STANDING TO CHALLENGE COMMON PLEAS' DECEMBER 21, 1990 DECISION?

■ The second issue appellants raise is whether Common Pleas erred, when it ruled that appellants did not have standing to challenge Common Pleas' December 21, 1990 decision. Appellants contend that they had standing to challenge Common Pleas' decision, despite their failure to intervene in the proceedings in Common Pleas which led to that decision. Their position is clearly inconsistent with our prior rulings in cases analogous to the instant matter.

In *Gilchrist v. Zoning Board of Old Forge Borough*, 83 Pa.Commonwealth Ct. 27, 475 A.2d 1366 (1984), and *Gilbert v. Montgomery Township Zoning Hearing Board*, 58 Pa.Commonwealth Ct. 296, 427 A.2d 776 (1981), we held that private parties who appear before the zoning board as protestants must either appeal or intervene in the proceedings before Common Pleas in order to retain party status.[3]

Particularly relevant is *Gilchrist*, in that it presented this Court with a situation identical to the instant matter. In *Gilchrist*, third parties appeared as protestants in a hearing before the zoning board which denied the landowner's request. The landowner appealed the board's decision to Common Pleas, but the third parties failed to intervene in a timely

---

3. We are aware that *Gilchrist* and *Gilbert* involved zoning appeals which originated from municipalities that were governed by the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §§ 10101–11201, whereas the present matter originated in Pittsburgh, which as a second class city, is not governed by the MPC. *North Point Breeze Coalition v. Pittsburgh*, 60 Pa.Commonwealth Ct. 298, 431 A.2d 398 (1981). Nonetheless, *Gilbert* and *Gilchrist* are controlling precedent because their holdings are not predicated on an interpretation or application of the MPC and are, therefore, applicable to all zoning cases.

fashion. Six weeks after Common Pleas' decision, the protestants filed a petition which sought to vacate the Common Pleas decision. Common Pleas denied the protestants relief, and they appealed to this Court. We affirmed Common Pleas and held that the protestants were not entitled to automatic party status by virtue of their appearance before the zoning board. Appellants in the instant case acted in the same untimely matter as the protestants in *Gilchrist* and, therefore, did not have standing to challenge Common Pleas' decision to reverse the Board and grant Pessolano a special exception.[4] Therefore, appellants' petition to vacate, Common Pleas' December 21, 1990 decision was properly dismissed by Common Pleas, pursuant to *Gilchrist.*

Accordingly, based on the foregoing discussion, Common Pleas' July 29, 1992 order sustaining Pessolano's preliminary objections and dismissing appellants' petition to vacate, is affirmed.

## *ORDER*

AND NOW, this 25th day of October, 1993, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is affirmed.

PELLEGRINI, J., did not participate in the decision in this case.

---

4. In *Pittsburgh Trust v. Zoning Board of Adjustment,* 145 Pa.Commonwealth Ct. 503, 604 A.2d 298 (1992), we held that the City of Pittsburgh had standing to appeal to Common Pleas despite the city's failure to intervene or file a notice of appeal in a timely manner, because the landowners had essentially waived their right to object to the city's participation in the appeal. *Pittsburgh Trust* is not applicable to the case *sub judice,* because Pessolano never waived his right to object to appellants' attempt to vacate Common Pleas' order.