Joseph and Olga NAHAS

v.

**ZONING HEARING BOARD OF SCHUYLKILL COUNTY,**

**Appeal of Anna and Robert Yeager.**

Commonwealth Court of Pennsylvania.

Argued April 2, 2003.
Decided May 5, 2003.

Christine A. Pitts, Frackville, for appellants.

Joseph P. Nahas, Jr., Pottsville, for appellee.

BEFORE: LEADBETTER, Judge, and COHN, Judge (P), and McCLOSKEY, Senior Judge.

OPINION BY Judge LEADBETTER.

Landowners Anna and Robert Yeager appeal from the order of the Court of Common Pleas of Schuylkill County which reversed the decision of the Zoning Hearing Board (Board), overturning the Board's grant of a variance. The Yeagers lack standing to appeal from the decision of common pleas because they failed to intervene in the proceedings before common pleas. Accordingly, the Yeagers' appeal is dismissed.

The Yeagers filed an application for a variance to operate a car restoration business out of their garage on property located in a residential zoning district. The Board granted the variance, finding that the Yeagers would suffer unnecessary hardship under the strict application of the ordinance due to unique physical conditions peculiar to their property. Neighbors Joseph and Olga Nahas appealed to common pleas which reversed, finding that the Board erred because the Yeagers would not suffer unnecessary hardship as a matter of law.[1]

The Yeagers appealed and the Nahas filed a motion to quash the appeal for lack of standing because the Yeagers were not a party to the proceedings before common pleas. Initially, the motion to quash was granted. Then the court granted the Yeagers' motion for reconsideration, vacated the previous order dismissing the appeal and directed that the motion to quash be considered along with the merits of the appeal.

Intervention in land use appeals is governed by Section 1004–A of the Pennsylvania Municipalities Planning Code (MPC)[2] which provides that:

Within the 30 days first following the filing of a land use appeal, if the appeal is from a board or agency of a municipality, the municipality and any owner or tenant of property directly involved in the action appealed from may intervene as of course by filing a notice of intervention, accompanied by proof of service of the same, upon each appellant or each appellant's counsel of record. All other intervention shall be governed by the Pennsylvania Rules of Civil Procedure.

In *Gilchrist v. Zoning Hearing Board of Old Forge Borough*, 83 Pa.Cmwlth. 27, 475 A.2d 1366 (1984), we held that neither a municipality nor a landowner whose property is directly involved in a zoning appeal is granted automatic party status in an appeal from the decision of the zoning hearing board despite the fact that both may have participated as parties before the zoning hearing board. *Gilchrist*, 475 A.2d at 1368. If the landowners wish to participate at the common pleas court level, they must intervene under Section 1009 of the MPC.[3] *Id. See also Brendel v. Zoning Enforcement Officer of Borough of Ridgway*, 780 A.2d 750, 751 (Pa.Cmwlth. 2001); *Gilbert v. Montgomery Township Zoning Hearing Bd.*, 58 Pa.Cmwlth. 296, 427 A.2d 776, 779 (1981). The Yeagers did not intervene in the proceedings before common pleas. Accordingly, we find that

---

1. Subsequent to the entry of common pleas' order, the Yeagers filed a petition for a stay of the proceedings with common pleas as well as a petition to intervene nunc pro tunc. Both were dismissed for lack of jurisdiction.

2. Act of July 31, 1968, P.L. 805, *as amended*, added by Section 101 of the Act of December 21, 1988, P.L. 1329, 53 P.S. § 11004–A.

3. Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. § 11009. Section 1009 was repealed by the Act of December 21, 1988, P.L. 1329 and reenacted as Section 1004–A of the MPC, 53 P.S. § 11004–A.

the Yeagers do not have standing to appeal its decision.

 Although we dispose of this appeal by granting the motion to quash, we will comment briefly on the merits of this case. In order to grant a variance from the applicable zoning ordinance, the applicant must show that he would suffer unnecessary hardship if required to comply with the ordinance. *Yeager v. Zoning Hearing Bd. of the City of Allentown,* 779 A.2d 595, 597 (Pa.Cmwlth.2001). A variance is appropriate only where the property, not the person, is subject to hardship. *Id.* at 598. The Board's finding that the Yeagers will suffer unnecessary hardship if required to conform to the ordinance is not supported by substantial evidence. Any hardship alleged by the Yeagers is not caused by unique physical conditions peculiar to the property, but rather by the Yeagers' use of their garage as a car restoration business in a purely residential zoning district prior to obtaining the necessary variance. In addition, the Board's finding that the property could not be used to its fullest extent is not supported by substantial evidence. The Yeagers have full use of their property as a residence with an accessory building, a garage, used to store vehicles. Common pleas properly found that the Board erred in granting the variance because there was no unnecessary hardship. Accordingly, if we were to reach the merits of this appeal we would affirm based upon the well-reasoned opinion of the Honorable D. Michael Stine, docketed at *Nahas v. Zoning Hearing Board of Schuylkill County,* No. S–603–2002 (C.C.P. Schuylkill County, filed June 26, 2002). Nevertheless, for the reasons stated above, we will dismiss the appeal.

Finally, appellees have requested an award of counsel fees/damages pursuant to Pa. R.A.P. 2744, claiming that this appeal is frivolous. We agree, and award a sanction in the amount of $500 against appellants and their counsel jointly and severally and in favor of appellees as further costs in this matter.

### *ORDER*

AND NOW, this 5th day of May, 2003, the within appeal is DISMISSED. Further, in addition to costs taxable as of right under Pa. R.A.P. 2741–43, further costs in the amount of $500 are taxed against appellants and their counsel jointly and severally pursuant to Pa. R.A.P. 2744.